THE STATE, EX REL. KIRK, APPELLANT, *v.* OWENS-ILLINOIS, INC. ET AL., APPELLEES.

[Cite as State, ex rel. Kirk, *v.* Owens-Illinois, Inc. (1986), 25 Ohio St. 3d 360.]

(No. 85-1821—Decided August 13, 1986.)

*Michael J. Muldoon,* for appellant.

*Vorys, Sater, Seymour & Pease, Russell P. Herrold, Jr.* and *Carl D. Smallwood,* for appellee Owens-Illinois, Inc.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Sheryl L. Creed,* for appellee Industrial Commission.

*Per Curiam.* Entitlement to workers' compensation payments is a substantive right measured by the statutes in force on the date of the injury. *State, ex rel. Samkas,* v. *Indus. Comm.* (1982), 70 Ohio St. 2d 279, 281 [24 O.O.3d 364]; *State, ex rel. Vaughn,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 115, 117 [23 O.O.3d 161]; *State, ex rel. Jeffrey,* v. *Indus. Comm.* (1955), 164 Ohio St. 366, 367 [58 O.O. 152]; *State, ex rel. Schmersal,* v. *Indus. Comm.* (1944), 142 Ohio St. 477, 478 [27 O.O. 404]; *Indus. Comm.* v. *Kamrath* (1928), 118 Ohio St. 1, paragraphs one through three of the syllabus.[1]

---

[1] Our decision today is not governed by *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630 [23 O.O.3d 518], because that case interpreted R.C. 4123.56, pertaining to temporary disability benefits, as that statute presently reads.

At the time of Kirk's injury in 1970, R.C. 4123.56 read:

"In the case of temporary disability, an employee shall receive sixty-six and two-thirds per cent of his average weekly wage so long as such disability is total, not to exceed a maximum of fifty-six dollars per week, and not less than a minimum of twenty-five dollars per week, unless the employee's wage is less than twenty-five dollars per week, in which event he shall receive compensation equal to his full wages; provided, that for the first twelve weeks of total disability the maximum weekly benefit payable shall be sixty-three dollars per week. In no case shall such benefits exceed ten thousand seven hundred fifty dollars. When the employee is awarded compensation for temporary total disability for a period for which he has received benefits under sections 4141.01 to 4141.46, inclusive, of the Revised Code, an amount equal to the amount so received shall be paid by the industrial commission from said award to the bureau of employment services and shall be credited by the administrator of the bureau of employment services to the accounts of the employers to whose accounts the payment of said benefits was charged or is chargeable to the extent it was charged or is chargeable.

"If any compensation for total disability has been paid for the same period or periods for which non-occupational disability insurance or benefits is or has been paid pursuant to an insurance policy or program to which the employer has made the entire contribution or payment for providing such insurance or benefits, compensation for total disability for such period or periods shall be paid only to the extent by which such payment or payments exceeds the amount of such non-occupational benefits paid or payable." (133 Ohio Laws, Part II, 1515, 1619-1620.)

As she did before the court of appeals, Kirk argues that she is entitled to receive temporary total benefits until the statutory maximum is reached, stating: "In the instant case the relator has not received the maximum amount of temporary and total compensation under the statute. In fact, the relator has received $7,516. Therefore, under the law the relator would be entitled to receive additional temporary and total benefits amounting to $3,234."

This, in our opinion, is a strained reading of the statute. Former R.C. 4123.56 did not guarantee a claimant a total payment of $10,750 before temporary total disability benefits could be converted into permanent total compensation. The statute merely placed an upper limit on a temporary total award. Temporary total disability benefits could be terminated before the limit was reached by a finding that the claimant's condition had become permanent. Such is the case here. Kirk's argument with respect to the interpretation of the statute is meritless.

Having considered the proper construction of former R.C. 4123.56, however, does not completely dispose of this case. The Industrial Commission found, in its order of July 31, 1984, that the claimant's disability had become permanent. The claimant, on the other hand, contends that she is

only temporarily and totally disabled. In support of its finding, the Industrial Commission relies on the report of Dr. Hassan Vaziri. In his evaluation of August 26, 1983, Dr. Vaziri concluded: "Considering * * * [the] clinical and x-ray findings and persistant [sic] back symptomatology combined with traumatic neurosis and chronic axiety, I believe this women [sic] is permanently disabled to engage in any type of gainful occupation requiring heavy physical activities. However, chance of rehabilitation appears to be good following surgical intervention * * *."

Kirk's claim that she is only temporarily and totally disabled is supported by Dr. Allan R. Korb, who issued a report on September 9, 1981, stating:

"From the results of this examination and the information available to me, I feel this individual has a definite psychiatric disorder which is a direct consequence of her industrial injury and its subsequent pain and disability. At present I feel she is temporarily totally disabled. I would estimate her psychiatric impairment at this time to be in the area of 50%. This is over and above any physical impairment she may have. I feel she should have appropriate outpatient psychiatric treatment. I also feel that her industrial injury and its subsequent pain and disability did aggravate a pre-existing condition. However, her current psychiatric condition is totally related to her industrial injury."

We observe that the reports of both Dr. Vaziri and Dr. Korb conform to the requirements of State, ex rel. Anderson, v. Indus. Comm. (1980), 62 Ohio St. 2d 166, 168 [16 O.O.3d 199], and State, ex rel. Norman, v. Indus. Comm. (1982), 1 Ohio St. 3d 263, because both reports consider all of Susan Kirk's allowed conditions in assessing the degree of her medical impairment. Either report, therefore, could serve as a basis for the Industrial Commission's order.

"This court has consistently recognized that the determination of disputed facts is within the jurisdiction of the commission. It is within the authority of the commission to weigh credible evidence and to make decisions based thereon. * * *" State, ex rel. Hudson, v. Indus. Comm. (1984), 12 Ohio St. 3d 169, 170.

With this in mind, we cannot say the Industrial Commission abuses its discretion when it assigns whatever weight it sees fit to the doctor's reports before it, as long as those reports comply with proper evidentiary standards.

In the present case, both reports did so comply, and the commission chose to find Kirk's condition to be permanent on the basis of Dr. Vaziri's report.

In summary, since the statute governing awards of temporary and total disability as it existed at the time of Susan Kirk's injury did not guarantee her any definite amount for a total award, and because the Industrial Commission has discretion to decide factual issues when either of two decisions it might make is supported by substantial, reliable, and pro-

bative evidence, we find no abuse of discretion in this case. Cf. *State, ex rel. Thompson,* v. *Fenix & Scisson, Inc.* (1985), 19 Ohio St. 3d 76; *State, ex rel. Walters,* v. *Indus. Comm.* (1985), 20 Ohio St. 3d 71.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., concur.

LOCHER, HOLMES, DOUGLAS and Wright, JJ., concur in judgment only.