THE STATE, EX REL. INLAND DIVISION, GENERAL MOTORS CORPORATION, *v.* ANCA ET AL.

(No. 85AP-698—Decided December 31, 1986.)

*Smith & Schnacke, Thomas P. Whelley II* and *Sherry J. Cato,* for relator.

*Anthony J. Celebrezze, Jr., Janet E. Jackson* and *Gerald H. Waterman,* for respondent Industrial Commission of Ohio.

REILLY, J. This mandamus action was referred to a referee, pursuant to Civ. R. 53, who rendered a report and recommended the writ of mandamus be granted ordering the Industrial Commission to vacate its order of June 20, 1985 and conduct further proceedings on the merits of relator's application for handicap reimbursement. Respondent, Industrial Commission of Ohio, filed objections to the referee's report; briefs were submitted by the parties and oral argument was heard by the court.

The record shows that the employee-claimant, Donna Martin Anca, was injured on February 15, 1978 in the course of her employment with relator, Inland Division, General Motors Corporation. Compensation and benefits were allowed for "sprain low back." Claimant ultimately received temporary total disability and permanent partial disability compensation. Relator, a self-insured employer, requested a handicap reimbursement pursuant to R.C. 4123.343 based upon a contention that the claimant's disability was increased due to a pre-existing arthritic condition. Apparently, relator mailed its application for reimbursement on February 14, 1983. This application was heard by a staff hearing officer who issued an order on February 20, 1985 stating, in pertinent part, that:

"It is ordered that this Application be denied for failure to file within the five year period. Further, find proof of mailing on 2-14-83 does not support timely filing."

Relator unsuccessfully appealed this determination through the administrative process. Relator filed this action on August 6, 1985 contending that the Industrial Commission abused its discretion by failing to consider relator's application for handicap reimbursement based upon a finding that the handicap reimbursement application was not timely filed. The parties have stipulated the Industrial Commission claim file as the evidence to be considered by the court in this case.

The Industrial Commission presumably denied relator's application for handicap reimbursement based upon Ohio Adm. Code 4121-3-28 which provides, in pertinent part, that:

"(C) Relief under section 4123.343 of the Revised Code will be considered only in claims where:

"* * *

"(2) An application for handicap reimbursement is filed by the employer while the claim is within the employer's claim experience period, as referred to in division (B) of section 4123.34 of the Revised Code.

"* * *

"(I) Self-insured employers shall be reimbursed and treated in all respects in the same manner as state fund merit-rated employers, except that reimbursement, when made, shall be by direct payment to the self-insurer from the statutory surplus fund and, further, that an application for handicap reimbursement must be filed within five years from the date of injury or within five years from the beginning of disability in occupational disease claims."

As noted above, claimant sustained her disability injury on February 15, 1978. Relator submits that since its application for handicap reimbursement was mailed to the Industrial Commission on February 14, 1983, within the five-year period set forth in the aforementioned Ohio Administrative Code provision, proof of said mailing requires that this court issue a writ ordering the Industrial Commission to conduct a hearing on the merits of relator's application.

As the referee pointed out in his report, Ohio Adm. Code 4121-3-28(I), effective December 11, 1978, clearly specifies that a self-insured employer's application for a handicap reimbursement "must be filed" no later than five years from the date of injury or beginning of disability. A deposit of materials in the United States Post Office is not equivalent to filing within the normal construction of the term. The referee rejected the relator's contention that it complied with Ohio Adm. Code 4121-3-28(I) concerning the five-year filing requirement. The relator did not prove compliance with the above-mentioned filing requirement and, hence, this court agrees with the referee's determination on this issue and adopts that portion of the referee's report.

Relator next argues that the five-year filing provision contained in Ohio Adm. Code 4121-3-28(I) was not effective until December 11, 1978, and therefore cannot be retroactively applied to relator's application. Section 28, Article II, of the Ohio Constitution provides that:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; * * *."

Claimant was injured on February 15, 1978. This was the date relator's right to apply for handicap reimbursement accrued. Relator contends that the commission cannot apply the subsequently enacted five-year filing provision to destroy its existing right to apply for reimbursement.

The commission has the authority to adopt its own rules of procedure. R.C. 4121.11; 4121.13(E); *State, ex rel. Curry,* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 268, 12 O.O. 3d 271, 389 N.E. 2d 1126. It is also basically accepted that statutes of limitations are classified as procedural legislation. Ohio Adm. Code 4121-3-28(I) is a statute of limitations as it prescribes the time limitation for certain rights of action arising from R.C. 4123.343. Finally, it is well-established that the constitutional ban against retroactive legislation is applicable solely to substantive as opposed to remedial or procedural laws. *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48, at 52-53, 61 O.O. 2d 295, at 297-298, 290 N.E. 2d 181, at 184-185.

Nonetheless, as the court pointed out in *Gregory, supra,* an automatic characterization of statutes of limitations as procedural and thus subject to retroactive amendments may ignore the effective destruction of a substan-

tive right. It is definite from the opinion in *Gregory* and subsequent cases that the analysis required by a court considering the issue of the retroactive application of an amended statute of limitations involves more than the mechanical substantive-procedural classification.

R.C. 4123.343 creates a substantive right for employers to have all or a portion of the compensation and benefits paid in any claim of a handicapped employee charged to and paid by the statutory surplus fund. Ohio Adm. Code 4121-3-28(I) limits the time an employer has to file an application for the reimbursement to five years from the date the employee was injured. In limiting the amount of time an employer has to file the application, the commission did not destroy any substantive rights.

The limitation under the facts in this case left the employer a more than reasonable time to enforce its right to reimbursement. The amended rule became effective on December 11, 1978, approximately ten months after the date claimant was injured. Applying the five-year filing provision to relator's circumstance still left fifty months in which to file. As the Supreme Court stated in *Cook* v. *Matvejs* (1978), 56 Ohio St. 2d 234, at 237, 10 O.O. 3d 384, at 385, 383 N.E. 2d 601, at 604:

"'* * * [T]his court * * * delineated between the operation of an amended statute of limitations which *totally* obliterates an existing substantive right and one which merely shortens the period of time in which the remedy can be realized.* * *'" (Emphasis *sic*.)

Consequently, no substantive right was destroyed by the retroactive application of this provision. The commission properly determined that relator's application was not timely filed.

For the foregoing reasons, the referee's report is adopted in part and modified in part, and relator's request for a writ of mandamus is denied.

*Writ denied.*

TYACK, J., concurs.

WHITESIDE, J., dissents.

WHITESIDE, J., dissenting. Being unable to concur in the conclusions reached by the majority, I must respectfully dissent.

The sole issue before us is whether the respondent Industrial Commission abused its discretion in refusing to consider relator's application for handicap determination which depends upon the applicability of the five-year limitation of Ohio Adm. Code 4121-3-28(I) as amended effective December 11, 1978.

Determination of this issue must commence with consideration of the applicable statute, R.C. 4123.343, which provides in part:

"This section shall be construed liberally to the end that employers shall be encouraged to employ and retain in their employment handicapped employees as defined in this section.
"'* * *
"(C) Any employer who advises the industrial commission prior to the occurrence of an injury or occupational disease that it has in its employ a handicapped employee as defined in this section shall be entitled, in the event such a person is injured, to a determination hereunder.* * *
"Application for such determination shall only be made in cases where a handicapped employee as defined in this section or his dependents claims or is receiving an award of compensation as a result of an injury* * *."

The claimant was injured February 15, 1978. Relator filed an application for handicap reimbursement dated February 14, 1983, on a date unknown since the copy in the claim file is

not date stamped and the findings of respondent Industrial Commission include a statement that proof of mailing does not constitute proof of filing. In the application, it is stated that relator filed notification of employment of a handicapped person on March 30, 1977, which apparently is not contested. The application also indicates payments for medical expenses and temporary total disability.

R.C. 4123.343 provides that, with respect to a merit-rated employer, the portion of compensation and benefits paid to a handicapped employee which would not have been necessary except for the handicap will not be "merit-rated or otherwise treated as part of the accident or occupational disease experience of the employer." With respect to a self-insured employer, the proportion of the costs of compensation and benefits attributable to the handicap shall be paid from the surplus fund either directly to the employee or by way of reimbursement to the employer.

Accordingly, handicap compensation has no effect on a merit-rated employer since it is treated as not being part of the employer's experience for merit-rating purposes pursuant to R.C. 4123.34 which basically involves a five-year period. Self-insured employers, on the other hand, are affected by handicap compensation so long as the employee is entitled to workers' compensation payments since such payments are made directly by the employer to the employee and may extend over a period of many years. For a self-insured employer to be entitled to handicap reimbursement, R.C. 4123.343 requires the following: (1) the filing of notification of employment of a handicapped person prior to the industrial injury (or a determination of good cause for failure to give notice); (2) an industrial injury occurring after such notification; (3) a claim being filed by the injured employee for total disability whether temporary or permanent or the payment of such compensation by the self-insured employer; (4) an application being filed by the employer for handicap determination but only after such claim is filed or payment of such compensation is commenced; and (5) a determination by the respondent Industrial Commission that handicap compensation or reimbursement should be paid.

Ohio Adm. Code 4121-3-28(I) purports to add a sixth requirement that the application for handicap reimbursement "be filed within five years from the date of injury" irrespective of when the claim for compensation was made or when the compensation was paid, which necessarily must be subsequent to the date of injury. Although the rule purports to grant the self-insured employer five years in which to file the application, necessarily a shorter period is involved since R.C. 4123.343 precludes the filing of the application until such time as the claimant claims or is receiving compensation. Such rule did not become effective until after the injury to claimant.

Given the six-year limitation of R.C. 4123.52 for the initial application by a claimant for compensation for total disability, it is obvious that the right of a self-insurer to seek handicap reimbursement may in some cases be cut off by the rule prior to the time that the right thereto accrues by the filing of a claim for compensation which R.C. 4123.343(C) and Ohio Adm. Code 4121-3-28(C)(1) make a prerequisite to the filing of a claim for handicap reimbursement.

The issue before us is whether Ohio Adm. Code 4123-3-28(I), which did not become effective until December 11, 1978, can apply to an application for handicap reimbursement with respect to an injury which occurred on February 15, 1978. The issue is controlled by the third paragraph of the syllabus of *Gregory* v. *Flowers* (1972),

42

32 Ohio St. 2d 48, 61 O.O. 2d 295, 290 N.E. 2d 181, which holds as follows:

"When the retroactive application of a statute of limitation operates to destroy an accrued substantive right, such application conflicts with Section 28, Article II of the Ohio Constitution."

In *Gregory,* it was specifically held in the second paragraph of the syllabus that the right afforded by R.C. 4123.52 to file for modification of a workers' compensation award is a substantive right which accrues at the time of the claimant's injury.

It is difficult to conceive how, where the claimant's right to seek modification of an award is substantive, that of the employer to seek handicap reimbursement with respect to the same award or modification thereof can be anything other than substantive.

Recently, the Supreme Court reaffirmed the basic principle in *State, ex rel. Kirk,* v. *Owens-Illinois, Inc.* (1986), 25 Ohio St. 3d 360, 25 OBR 411, 496 N.E. 2d 893, stating in the *per curiam* opinion:

"Entitlement to workers' compensation payments is a substantive right measured by the statutes in force on the date of injury.* * *" (Citations omitted.) *Id.* at 361, 25 OBR at 411-412, 496 N.E. 2d at 895.

Again, there is no rational basis for distinguishing between payments made to a claimant and payments made to a self-insured employer from the surplus fund for handicap reimbursement since both arise from the same industrial injury, and both the right of the claimant to compensation and that of the employer to handicap reimbursement are statutorily required to be liberally construed.

Accordingly, I would adopt the report of the referee and grant a writ of mandamus as recommended by the referee.