THE STATE, EX REL. AMERICAN SEAWAY FOODS, INC., APPELLEE,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

THE STATE, EX REL. HOOVER COMPANY, APPELLEE,
*v.* MAYFIELD, ADMR., ET AL., APPELLANTS.

[Cite as *State, ex rel. American Seaway Foods, Inc.,
v. Indus. Comm.* (1991), 62 Ohio St.3d 50.]

(Nos. 90–727 and 90–1534—Submitted June
26, 1991—Decided October 9, 1991.)

*Garson & Associates Co., L.P.A.,* and *Stuart I. Garson,* for appellee in case No. 90–727.

*Black, McCuskey, Souers & Arbaugh, Gust Callas* and *G. Randall Ayers,* for appellee in case No. 90–1534.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Gerald H. Waterman,* for appellants in case No. 90–727.

*Lee I. Fisher,* Attorney General, and *Gerald H. Waterman,* for appellants in case No. 90–1534.

*Vorys, Sater, Seymour & Pease, Russel P. Herrold, Jr.,* and *Gerald P. Ferguson,* urging affirmance in case No. 90–727 for *amicus curiae,* Anchor Hocking Corporation.

*Hanlon, Duff & Paleudis Co., L.P.A.,* and *Gerald P. Duff,* urging affirmance in case No. 90–727 for *amicus curiae,* Youghiogheny and Ohio Coal Company.

---

*Per Curiam.* To encourage employers "to employ and retain * * * handicapped employees," R.C. 4123.343 was enacted in 1955. 126 Ohio Laws 947. Under the statute, the commission reimburses or credits an employer, totally or partially, for compensation and benefits paid to a handicapped employee who is later industrially injured and whose handicap contributed to either the injury itself or a resulting disability. R.C. 4123.343(B) and (C).

Effective August 22, 1986, the statute was amended to include:

"(F) No employer shall in any year receive credit under this section in an amount greater than the premium he paid if a state fund employer or greater than his assessments if a self-insuring employer." Am.Sub.S.B. No. 307 (141 Ohio Laws, Part I, 718, 745).

The commission's application of R.C. 4123.343(F) is currently at bar. For the reasons to follow, we find that the provision may not be applied to handicapped reimbursement claims in which the right to reimbursement was determined before August 22, 1986.

R.C. 1.58 provides in part:

"(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"(2) Affect any validation, cure, *right*, privilege, obligation, or liability previously acquired, *accrued*, accorded, or incurred thereunder; [or]

" * * *

"(4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended." (Emphasis added.)

To one employing a handicapped worker, reimbursement is a substantive right. *State, ex rel. Inland Division, General Motors Corp., v. Anca* (1986), 36 Ohio App.3d 38, 520 N.E.2d 1365. It remains for us to determine when that right accrues. Three accrual dates have been proposed: (1) the date of injury, (2) the date on which the commission issues an order granting the employer's reimbursement application, and (3) the date on which the employer's C–174 semi-annual expenditure statement is submitted. We favor the second alternative.

R.C. 4123.343(B) through (D) establish the mechanism for handicapped reimbursement to a self-insuring employer. Ideally, the employer, prior to any industrial injury, advises the Bureau of Workers' Compensation of a handicapped worker in its employ. R.C. 4123.343(C). If that employee is later hurt at work and is compensated, the employer "shall be entitled * * * to a [reimbursement] determination hereunder." *Id.* If the employer has not preregistered the handicapped employee, it may still be reimbursed if the commission finds "good cause" for the employer's failure to preregister. *Id.*

For reimbursement to follow, the commission, after a hearing, must find either:

"[T]hat the injury or occupational disease or the death resulting therefrom would not have occurred but for the pre-existing physical or mental impairment of the handicapped employee, * * * " R.C. 4123.343(D)(1), or

"[T]hat the injury or occupational disease would have been sustained or suffered without regard to the employee's pre-existing impairment but that the resulting disability or death was caused at least in part through aggravation of the employee's pre-existing disability * * *." R.C. 4123.343(D)(2).

Meeting either condition entitles a self-insured employer to reimbursement for compensation and benefits paid in that claim for the life of the claim. R.C. 4123.343(B). After adjudication, the employer must semi-annually submit C–174 financial statements showing the amount expended for each handicap

claim. The commission then reimburses a self-insured employer in the appropriate amount.

Hoover's and Seaway's proposal that their respective rights to reimbursement accrued on the dates of the injuries conflicts with the statute. Even if a handicapped employee has been preregistered with the commission, the mere occurrence of injury does not guarantee recoupment since reimbursement is contingent on the commission's determination that the requisite causal relationship exists between the handicap and the injury or disability. Absent that finding, there is no reimbursement right.

Appellants' assertion that the reimbursement right vests when the C–174 financial statement quantifying the amount sought is submitted also lacks merit. In *Stough v. Indus. Comm.* (1944), 142 Ohio St. 446, 27 O.O. 378, 52 N.E.2d 992, at paragraph two of the syllabus, we stated:

"The filing of an application for compensation with the Industrial Commission constitutes the commencement of a proceeding within the meaning of Section 26, General Code, and *all acts subsequent thereto are but steps in such pending proceeding. * * *"* (Emphasis added.)

Here, the filing of a C–174 statement is a subsequent step in a process that began with the filing and acceptance of the self-insured employer's initial application for handicap reimbursement.

Applying our conclusions to the cases before us, we find that appellee Seaway had an accrued reimbursement right that could not be altered by R.C. 4123.343(F). So, too, with eight of the disputed handicapped claims in case No. 90–1534. However, as to employees Archibald, Simmons and Ziegler, Hoover had no vested reimbursement right since R.C. 4123.343(F) became effective before the commission adjudicated those reimbursement applications.

Accordingly, we affirm the judgment of the court of appeals in case No. 90–727. In case No. 90–1534, we reverse that portion of the appellate judgment which found that R.C. 4123.343(F) could not be applied to the Archibald, Simmons and Ziegler claims. The balance of the judgment is affirmed.

*Judgment affirmed*
*in case No. 90–727.*

*Judgment affirmed in part*
*and reversed in part*
*in case No. 90–1534.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.