OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Columbus & Southern Ohio Electric Company et al., Appellees, v. Industrial Commission of Ohio et al., Appellants.

[Cite as Columbus & Southern Ohio Elec. Co. v. Indus. Comm. (1992),      Ohio St.3d     .]

Workers' compensation -- Self-insured employer's right to handicap reimbursement vests, when -- Term "assessments" as used in R.C. 4123.343(F), construed.

1.  A self-insured employer's right to handicap reimbursement vests when the Industrial Commission determines a causal relationship between the handicap and the injury or disability which entitles the employer to handicap reimbursement for that claim.

2.  The term "assessments," as used in R.C. 4123.343(F), includes all assessments that a self-insured employer pays to the Bureau of Workers' Compensation, but does not include compensation or benefits paid to the handicapped employee.

(No. 91-445 -- Submitted April 7, 1992 -- Decided July 1, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 89AP-444.

Plaintiffs-appellees Columbus & Southern Ohio Electric Company and Southern Ohio Coal Company are self-insured employers under the Workers' Compensation Act of Ohio. On August 11, 1987, appellees filed a declaratory judgment action against defendants-appellants Industrial Commission of Ohio ("the commission") and James L. Mayfield, Administrator, Bureau of Workers' Compensation, seeking a clarification of their right to handicap reimbursement under R.C. 4123.343(F). R.C. 4123.343(F) was amended on August 22, 1986 to cap the amount of annual reimbursement a self-insured employer could recover. 141 Ohio Laws, Part I, 718, 745. Specifically, appellees alleged that the commission's application of amended R.C. 4123.343(F) to handicap reimbursement claims arising before the effective date of the amendment was a violation of Section 28, Article II of the Ohio Constitution, R.C. 1.48, and R.C. 1.58. Appellees also sought clarification of the word "assessments" as used in R.C. 4123.343(F) and as interpreted by the commission in Ohio Adm.Code 4121-3-28.

The trial court held that the amendments to R.C. 4123.343 became effective on January 1, 1987, and that the cap may not be applied to reimbursements requested before that date. The trial court also held that "assessments" means all assessments, not just handicap assessments, against a self-insured employer in any calendar year, but not including the employer's actual payment of compensation or benefits.

The court of appeals reversed with respect to the date of effectiveness, holding that amended R.C. 4321.343 became effective on August 22, 1986, and that the cap did not apply to handicap reimbursement applications filed before that date. The court of appeals affirmed the trial court with respect to the meaning of "assessments."

The cause comes before the court on a motion to certify the record.

Porter, Wright, Morris & Arthur and Charles J. Kurtz III, for appellees.

Lee I. Fisher, Attorney General, and Gerald H. Waterman, for appellants.

Herbert R. Brown, J.    This case requires us to determine (1) when a self-insured employer's right to handicap reimbursement vests, and (2) the meaning of "assessments" as used in R.C. 4123.343(F). For the reasons which follow, we hold that an employer's right to handicap reimbursement vests when the commission determines that the employer is entitled to handicap reimbursement for a particular claim, and that "assessments" means all assessments made against a self-insured employer, but does not include compensation or benefits paid to an employee.

I
Vested Right to Handicap Reimbursement

The General Assembly enacted R.C. 4123.343 in 1955 to encourage employers to employ and retain handicapped persons. 126 Ohio Laws 947. Pursuant to the statute, the commission reimburses or credits an employer, totally or partially, for compensation and benefits paid to a handicapped employee who is industrially injured and whose handicap contributed to the injury or resulting disability. R.C. 4123.343(B) and (C); see, also, State, ex rel. American Seaway Foods, Inc., v. Indus. Comm. (1991), 62 Ohio St.3d 50, 51, 577 N.E.2d 1085, 1086.

On August 22, 1986, the General Assembly amended R.C. 4123.343 to cap the amount of annual reimbursement an employer could recover. The amendment provides in pertinent part:

"(F) No employer shall in any year receive credit under this section in an amount greater than the premium he paid if a state fund employer or greater than his assessments if a self-insuring employer." Am.Sub.S.B. No. 307 (141 Ohio Laws, Part I, 718, 745).

The parties dispute the application of R.C. 4123.343(F)'s cap on handicap reimbursements. The commission and the administrator maintain that the cap creates an annual ceiling which an employer's cumulative handicap reimbursements cannot exceed regardless of the date the commission adjudicated any particular claim. Appellees, on the other hand, argue that a self-insured employer's right to full reimbursement vests when

the handicapped employee was hired, or, alternatively, when the injury occurred.

Subsequent to the parties' appeal and initial briefing in this case, we released our opinion in State, ex rel. American Seaway Foods, Inc., v. Indus. Comm., supra, in which we held that R.C. 4123.343(F) may not be applied to handicap reimbursement claims in which the commission had determined an employer's right to reimbursement before August 22, 1986. In Seaway, we rejected the employers' argument that the right to reimbursement vests at the time of injury because reimbursement is "contingent on the commission's determination that the requisite causal relationship exists between the handicap and the injury or disability. Absent that finding, there is no reimbursement right." Id., 62 Ohio St.3d at 53, 577 N.E.2d at 1087.

After we announced our decision in Seaway, appellees moved to amend their argument on this issue. Appellees now urge us to modify our position in Seaway and hold that the right to handicap reimbursement in a particular claim vests at the time the employer files the application with the commission for reimbursement. Appellees contend that Seaway does not address cases in which a self-insured employer had filed an application for handicap reimbursement with the commission prior to August 22, 1986, but where the commission did not adjudicate the claim until after that date. We are not persuaded to overrule Seaway.

An application for handicap reimbursement, like the occurrence of the injury itself, is no guarantee that the employer is entitled to handicap reimbursement. Regardless of when the employer files the application, the commission must determine whether there is a causal relationship between the handicap and the injury or disability before an employer is entitled to handicap reimbursement under R.C. 4123.343.

Accordingly, we hold that a self-insured employer's right to handicap reimbursement vests when the commission determines a causal relationship between the handicap and the injury or disability which entitles the employer to handicap reimbursement for that claim. Therefore, the cap contained in R.C. 4123.343(F) applies to claims for handicap reimbursement where the application was made before August 22, 1986, but where the commission's determination that the employer was entitled to reimbursement occurred after that date.

## II
### Assessments

R.C. 4123.343(F) provides that an employer cannot receive handicap reimbursement in any year in an amount greater than "the premium he paid if a state fund employer or greater than his assessments if a self-insuring employer." (Emphasis added.) The parties dispute the meaning of the term "assessments" as it limits the amount of credit to which a self-insuring employer is entitled.

The commission promulgated Ohio Adm. Code 4121-3-28(G), which provides:

"No employer shall in any rating year receive credit under section 4123.343 of the Revised Code in an amount greater than the premium it paid if a state fund employer or greater than its handicap assessments if a self-insuring employer." (Emphasis added.)

As an administrative agency, the commission may promulgate rules and regulations governing its activities and procedures as long as the rules are not unreasonable and do not conflict with statutes that cover the same subject matter. State, ex rel. DeBoe, v. Indus. Comm. (1954), 161 Ohio St. 67, 53 O.O. 5, 117 N.E.2d 925, paragraph one of the syllabus. Appellees argue that the commission's rule, limiting available reimbursements to the amount of "handicap assessments," conflicts with R.C. 4123.343(F). We agree.

R.C. 4123.343(F)'s reference to "assessments" is unqualified. Under the Workers' Compensation Act, the administrator calculates assessments against self-insured employers for: (1) the intentional tort fund created pursuant to R.C. 4121.80,[1] (2) administrative costs, (3) the safety and hygiene program, (4) that portion of the surplus fund not used for handicap reimbursement, and (5) that portion of the surplus fund used for handicap reimbursement. R.C. 4123.35(I). The cap in R.C. 4123.343(F) limits the total amount that an employer may receive for handicap reimbursement; it does not limit the kind of assessments that are included in calculating that amount. Furthermore, R.C. 4123.343(F) refers to assessments in the plural. Had the General Assembly intended to limit a self-insured employer's reimbursements to the amount of handicap assessments, it could have done so.

Accordingly, we hold that the term "assessments," as used in R.C. 4123.343(F), includes all assessments that a self-insured employer pays to the Bureau of Workers' Compensation, but does not include compensation or benefits paid to the handicapped employee.

Judgment affirmed in part
and reversed in part.

Moyer, C.J., Sweeney, Douglas, Wright and Resnick, JJ., concur.

Holmes, J., concurs in paragraph one of the syllabus and in the judgment.

FOOTNOTE:
1 R.C. 4121.80 was declared unconstitutional in toto in Brady v. Safety-Kleen Corp. (1991), 61 Ohio St.3d 624, 576 N.E.2d 722, paragraph two of the syllabus.