COLUMBUS & SOUTHERN OHIO ELECTRIC COMPANY ET AL., APPELLEES,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *Columbus & Southern Ohio Elec. Co.*
*v. Indus. Comm.* (1992), 64 Ohio St.3d 119.]

(No. 91–445—Submitted April 7, 1992—Decided July 1, 1992.)

*Porter, Wright, Morris & Arthur* and *Charles J. Kurtz III,* for appellees.

*Lee I. Fisher,* Attorney General, and *Gerald H. Waterman,* for appellants.

HERBERT R. BROWN, J.  This case requires us to determine (1) when a self-insured employer's right to handicap reimbursement vests, and (2) the meaning of "assessments" as used in R.C. 4123.343(F).  For the reasons which follow, we hold that an employer's right to handicap reimbursement vests when the commission determines that the employer is entitled to handicap reimbursement for a particular claim, and that "assessments" means all assessments made against a self-insured employer, but does not include compensation or benefits paid to an employee.

I

Vested Right to Handicap Reimbursement

The General Assembly enacted R.C. 4123.343 in 1955 to encourage employers to employ and retain handicapped persons.  126 Ohio Laws 947.  Pursuant to the statute, the commission reimburses or credits an employer, totally or partially, for compensation and benefits paid to a handicapped employee who is industrially injured and whose handicap contributed to the injury or resulting disability.  R.C. 4123.343(B) and (C);  see, also, *State, ex rel. American Seaway Foods, Inc., v. Indus. Comm.* (1991), 62 Ohio St.3d 50, 51, 577 N.E.2d 1085, 1086.

On August 22, 1986, the General Assembly amended R.C. 4123.343 to cap the amount of annual reimbursement an employer could recover.  The amendment provides in pertinent part:

"(F) No employer shall in any year receive credit under this section in an amount greater than the premium he paid if a state fund employer or greater than his assessments if a self-insuring employer."  Am.Sub. S.B. No. 307 (141 Ohio Laws, Part I, 718, 745).

The parties dispute the application of R.C. 4123.343(F)'s cap on handicap reimbursements. The commission and the administrator maintain that the cap creates an annual ceiling which an employer's cumulative handicap reimbursements cannot exceed regardless of the date the commission adjudicated any particular claim. Appellees, on the other hand, argue that a self-insured employer's right to full reimbursement vests when the handicapped employee was hired, or, alternatively, when the injury occurred.

Subsequent to the parties' appeal and initial briefing in this case, we released our opinion in *State, ex rel. American Seaway Foods, Inc., v. Indus. Comm.*, *supra,* in which we held that R.C. 4123.343(F) may not be applied to handicap reimbursement claims in which the commission had determined an employer's right to reimbursement before August 22, 1986. In *Seaway,* we rejected the employers' argument that the right to reimbursement vests at the time of injury because reimbursement is "contingent on the commission's determination that the requisite causal relationship exists between the handicap and the injury or disability. Absent that finding, there is no reimbursement right." *Id.,* 62 Ohio St.3d at 53, 577 N.E.2d at 1087.

After we announced our decision in *Seaway,* appellees moved to amend their argument on this issue. Appellees now urge us to modify our position in *Seaway* and hold that the right to handicap reimbursement in a particular claim vests at the time the employer files the application with the commission for reimbursement. Appellees contend that *Seaway* does not address cases in which a self-insured employer had filed an application for handicap reimbursement with the commission prior to August 22, 1986, but where the commission did not adjudicate the claim until after that date. We are not persuaded to overrule *Seaway.*

An application for handicap reimbursement, like the occurrence of the injury itself, is no guarantee that the employer is entitled to handicap reimbursement. Regardless of when the employer files the application, the commission must determine whether there is a causal relationship between the handicap and the injury or disability before an employer is entitled to handicap reimbursement under R.C. 4123.343.

Accordingly, we hold that a self-insured employer's right to handicap reimbursement vests when the commission determines a causal relationship between the handicap and the injury or disability which entitles the employer to handicap reimbursement for that claim. Therefore, the cap contained in R.C. 4123.343(F) applies to claims for handicap reimbursement where the application was made before August 22, 1986, but where the commission's determination that the employer was entitled to reimbursement occurred after that date.

## II

### Assessments

R.C. 4123.343(F) provides that an employer cannot receive handicap reimbursement in any year in an amount greater than "the premium he paid if a state fund employer or greater than his *assessments* if a self-insuring employer." (Emphasis added.) The parties dispute the meaning of the term "assessments" as it limits the amount of credit to which a self-insuring employer is entitled.

The commission promulgated Ohio Adm.Code 4121–3–28(G), which provides:

"No employer shall in any rating year receive credit under section 4123.343 of the Revised Code in an amount greater than the premium it paid if a state fund employer or greater than its *handicap assessments* if a self-insuring employer." (Emphasis added.)

As an administrative agency, the commission may promulgate rules and regulations governing its activities and procedures as long as the rules are not unreasonable and do not conflict with statutes that cover the same subject matter. *State, ex rel. De Boe, v. Indus. Comm.* (1954), 161 Ohio St. 67, 53 O.O. 5, 117 N.E.2d 925, paragraph one of the syllabus. Appellees argue that the commission's rule, limiting available reimbursements to the amount of "handicap assessments," conflicts with R.C. 4123.343(F). We agree.

R.C. 4123.343(F)'s reference to "assessments" is unqualified. Under the Workers' Compensation Act, the administrator calculates assessments against self-insured employers for: (1) the intentional tort fund created pursuant to R.C. 4121.80,[1] (2) administrative costs, (3) the safety and hygiene program, (4) that portion of the surplus fund not used for handicap reimbursement, and (5) that portion of the surplus fund used for handicap reimbursement. R.C. 4123.35(I). The cap in R.C. 4123.343(F) limits the total *amount* that an employer may receive for handicap reimbursement; it does not limit the *kind of assessments* that are included in calculating that amount. Furthermore, R.C. 4123.343(F) refers to assessments in the plural. Had the General Assembly intended to limit a self-insured employer's reimbursements to the amount of handicap assessments, it could have done so.

Accordingly, we hold that the term "assessments," as used in R.C. 4123.-343(F), includes all assessments that a self-insured employer pays to the

---

1. R.C. 4121.80 was declared unconstitutional *in toto* in *Brady v. Safety–Kleen Corp.* (1991), 61 Ohio St.3d 624, 576 N.E.2d 722, paragraph two of the syllabus.

Bureau of Workers' Compensation, but does not include compensation or benefits paid to the handicapped employee.

*Judgment affirmed in part and reversed in part.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

HOLMES, J., concurs in paragraph one of the syllabus and in the judgment.