THE STATE EX REL. RISER FOODS, INC., F.K.A. AMERICAN SEAWAY
FOODS, INC., APPELLANT, *v.* TRIMBLE ET AL., APPELLEES.

[Cite as *State ex rel. Riser Foods, Inc. v.*
*Trimble* (1995), 72 Ohio St.3d 259.]

(No. 93–2626—Submitted March 21, 1995—Decided May 24, 1995.)

*Garson & Associates Co., L.P.A., Stuart I. Garson* and *Michael J. Skindell,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellees.

*Per Curiam.* Riser claims that the appellate court erred in (1) admitting into evidence the Borstein letter, and (2) affirming the commission's reimbursement denial. Riser's arguments lack merit.

Following the completion of briefing in this case, we decided *State ex rel. First Natl. Supermarkets, Inc. v. Indus. Comm.* (1994), 70 Ohio St.3d 582, 639 N.E.2d 1185, which resolved the very issue currently raised. *First Natl. Supermarkets* held that once a self-insured employer opted out of the handicap reimbursement program, the self-insured was entitled to no further reimbursement, even in those claims in which the right to reimbursement accrued before the opting out. We reasoned:

"FNS's [First National Supermarkets'] position fails to recognize that it was FNS's own actions, not the amendment of the statute, that eliminated its right to reimbursement. Had FNS not voluntarily opted out of the program, its right to reimbursement would still exist.

" * * *

"To hold as FNS urges would allow it to receive handicap reimbursement without contributing to the Reimbursement Fund. This is unfair to those employers who may have elected to remain in the program and would continue to pay into it. When FNS chose no longer to contribute to the fund, it also chose not to receive money from it. Therefore, the commission did not abuse its discretion in denying reimbursement." *Id.* at 585–586, 639 N.E.2d at 1188–1189.

*First Natl. Supermarkets* is directly on point and compels affirmance of the appellate court's holding.

Turning to Riser's remaining assertion, the parties do not seriously disagree that one of the documents of record is the last page of a two-page letter which contains the above-quoted statement signed by Riser's then Vice-President

Jerome Borstein, now deceased. The parties also agree that the letter's first page has disappeared. Riser asserts that because the letter is incomplete, Evid.R. 106 bars the letter's admission. This, too, fails.

Evid.R. 106 states:

"When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which is otherwise admissible and which ought in fairness to be considered contemporaneously with it."

Declaring the Borstein letter admissible, the appellate court reasoned: (1) Relevant evidence is generally admissible under Evid.R. 402; (2) Evid.R. 106 does not automatically render inadmissible the introduction of only a portion of a written statement; and (3) Evid.R. 106 was instead "intended to spare the adverse party the necessity of waiting until a later point in the litigation to place the supplemental writing or recording into its proper perspective."

Riser has not persuaded us that the stated intention to opt out of the program has somehow been misread because of the missing first page. We find, therefore, that the letter was properly admitted and is "some evidence" supporting the commission's decision.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK, J., dissents.