CONCORD FOODS, INC., Appellant,

v.

OHIO BUREAU OF WORKERS' COMPENSATION et al., Appellees.

[Cite as *Concord Foods, Inc. v. Ohio Bur. of Workers' Comp.* (1996), 108 Ohio App.3d 675.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15339.

Decided Jan. 24, 1996.

*Stephen M. Pfarrer*, for appellant.

*Betty D. Montgomery*, Attorney General, and *James I. Weprin*, Assistant Attorney General, for appellee, Ohio Bureau of Workers' Compensation.

BROGAN, Presiding Judge.

Appellant Concord Foods, Inc. ("Concord") appeals from the dismissal of its appeal by the Montgomery County Court of Common Pleas, from a decision by the Industrial Commission of Ohio ("ICO") denying Concord's application for handicap reimbursement under R.C. 4123.343. Pursuant to R.C. 4123.519 (amended and recodified at R.C. 4123.512), for its appeal below Concord named as parties the appellees herein: the claimant, Michael S. York, Sr., and the administrator of the Bureau of Workers' Compensation ("bureau"). Upon the bureau's motion, the trial court found that it lacked subject matter jurisdiction to hear Concord's appeal.

Concord employed York on all dates relevant to his claim. York filed a claim with the bureau in 1987 for an employment-related injury. The bureau allowed the claim based on the diagnosed condition of "chronic low back pain, mild L–5, S–1 degenerative disk disease, bulging disk disease, L–4–5, S–1, left S–1 radiculopathy." Subsequently, York filed an occupational disease claim, citing "herniated nucleus pulposus L5–S1, degenerative disc disease L5–S1, bulging disc disease L4–5 & L5–S1, chronic low back pain" as the nature of the disease. On May 8, 1992, Concord filed an application for handicap reimbursement with the ICO. The appellant asserted that York's occupational disease aggravated a preexisting disability, arthritis. See R.C. 4123.343(A)(4).

An ICO staff hearing officer denied Concord's application. The officer found that "the evidence on file shows only a pre-existing degenerative disc disease which is not found to be pre-existing arthritis." Concord brought an appeal to the ICO, which affirmed the officer's decision. Concord appealed ICO's decision to the trial court on October 20, 1993. The appellant filed a motion for summary

judgment to which the bureau responded with a combined memorandum in opposition and motion to dismiss for lack of jurisdiction. Based on the authority of *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, the court agreed that it was devoid of subject matter jurisdiction and dismissed the case. This timely appeal followed.

Concord assigns one error for our review:

"The trial court erred, as a matter of law, by dismissing appellant's claim for lack of subject matter jurisdiction."

Concord maintains that the relevant underlying issue in this case concerns its right to participate in the State Surplus Fund, created under R.C. 4123.34(B) as a branch of the State Insurance Fund, from which handicap reimbursements are disbursed. R.C. 4123.343(B). Therefore, according to the appellant, its appeal is proper under R.C. 4123.512. The bureau argues that only final ICO decisions that are determinative of a *claimant's* right to participate or continue to participate in the State Insurance Fund may be appealed to a common pleas court.

■ The General Assembly enacted the handicap reimbursement program to encourage employers "to employ and retain in their employment handicapped employees as defined in this section." R.C. 4123.343. Under the statute, employers are eligible for total or partial reimbursement for "compensation and benefits paid to a claimant where (1) the injury or occupational disease would not have occurred but for the pre-existing condition, or (2) the disability arising from an industrial injury was caused at least in part through aggravation of the pre-existing condition." *State ex rel. First Natl. Supermarkets, Inc. v. Indus. Comm.* (1994), 70 Ohio St.3d 582, 584, 639 N.E.2d 1185, 1188, citing R.C. 4123.343(D)(1) and (2). One of the qualifying pre-existing conditions is arthritis. R.C. 4123.343(A)(4). Reimbursement to the employer is a substantive right, *State ex rel. Am. Seaway Foods, Inc. v. Indus. Comm.* (1991), 62 Ohio St.3d 50, 52, 577 N.E.2d 1085, 1086, that vests "when the Industrial Commission determines a causal relationship between the handicap and the injury or disability which entitles the employer to handicap reimbursement for that claim[,]" *Columbus & S. Ohio Elec. Co. v. Indus. Comm.* (1992), 64 Ohio St.3d 119, 592 N.E.2d 1367, paragraph one of the syllabus. Here, the ICO determined that no nexus existed between York's occupational disease and his preexisting arthritic condition and the commission denied reimbursement.

■ Concord claims that it followed the procedures governing administrative appeals provided in R.C. 4123.511 and properly brought its appeal to the court below according to R.C. 4123.512. See R.C. 4123.511(E) (ICO orders are

appealable to common pleas court pursuant to R.C. 4123.512). The pertinent portion of the statute states:

"The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 [formerly division (B)(6) of section 4121.35] of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas * * *." R.C. 4123.512(A).

The Supreme Court previously granted similar wording in R.C. 4123.519 broad application to permit appeal of any decision except those concerning the extent of disability. *Seabloom Roofing & Sheet Metal Co. v. Mayfield* (1988), 35 Ohio St.3d 108, 110–111, 519 N.E.2d 358, 360–361, overruled by *Afrates, supra; State ex rel. O.M. Scott & Sons Co. v. Indus. Comm.* (1986), 28 Ohio St.3d 341, 343, 28 OBR 406, 408, 503 N.E.2d 1032, 1034, overruled by *Afrates, supra.* Of late, however, the court has narrowed the interpretation of this language to permit appeal only of those ICO decisions "that are final and that resolve an employee's right to participate or to continue to participate in the State Insurance Fund." *Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 238, 602 N.E.2d 1141, 1145. Accord *Afrates,* 63 Ohio St.3d 22, 584 N.E.2d 1175, at paragraph one of the syllabus. An appellate court's jurisdiction may not be invoked on direct appeal unless the ICO order "finalizes the allowance or disallowance of the employee's claim." *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 238, 594 N.E.2d 609, 611. Decisions subsequent to the disposition of the claimant's right to participation, save for an order terminating that right, are not appealable. *Felty,* 65 Ohio St.3d at 240, 602 N.E.2d at 1146.

■ The potential for payment to the employer under the handicap reimbursement program necessarily does not arise before the ICO allows the employee's claim. The former version of R.C. 4123.343, effective at the time Concord filed its application, provided that:

"Application for a determination shall only be made in cases where a handicapped employee as defined in this section or his dependents *claims or is receiving an award of compensation* as a result of an injury or occupational disease occurring or contracted on or after the date on which division (A) of this section first included the handicap of such employee." (Emphasis added.) R.C. 4123.343(C).

The statute mandated that the commission's determination of the amount of compensation, if any, to be charged to the State Surplus Fund could not occur before the commission awarded compensation to the employee. See R.C. 4123.343(D). Considering the foregoing and the fact that the employer's right to reimbursement may not vest prior to the commission's finding of a causal link

between the handicap and the injury or disability which serves as the basis for the award of compensation, it is plain that the commission's threshold determination of the employee's right to participate in the insurance fund must precede its decision whether to grant reimbursement to the employer. Therefore, we conclude that an ICO decision granting or denying an employer's application for handicap reimbursement pursuant to R.C. 4123.343 is not appealable to a common pleas court.[1]

■ The facts of the instant case reveal that the trial court providently dismissed the cause for lack of subject matter jurisdiction. Concord filed its application for reimbursement on May 8, 1992, subsequent to the commission's allowance of York's claim. Under controlling Supreme Court precedent, *Felty* and *Afrates, supra,* the ICO's allowance of York's claim was the only commission order appealable by Concord. Thus, we overrule the appellant's assignment of error.

Concord argues that its position is analogous to that of a claimant because the ICO's decision denied it participation in the State Surplus Fund. Moreover, Concord maintains that the trial court erroneously read *Afrates* to "exclude employers as the class who may appeal Industrial Commission decisions." In support of its latter contention, the appellant cites dicta from *Afrates* which states, "There may be times when a dispute does not involve a claimant but, rather, the dispute lies between an employer and the commission. Such a situation may arise in a handicap reimbursement case * * *." (Footnote omitted.) *Id.,* 63 Ohio St.3d at 26, 584 N.E.2d at 1179. Since we believe that Concord is not a claimant as defined by the Supreme Court, and that the appellant has mischaracterized both the consequence of the *Afrates* holding and the context in which the quoted language appears, we disagree with its contentions.

■ We agree with Concord that its posture in this case is somewhat analogous to a claimant because it is seeking participation in the State Surplus Fund. That is where the analogy begins and ends, however. Concord's application to participate in the State Surplus Fund does not equate to a "claim" that might provide the basis for an appeal. In *Felty,* the Supreme Court clarified the meaning of "claim" in terms of an appealable commission order:

---

1. The General Assembly amended R.C. 4123.343, effective October 20, 1993, in Am.Sub.H.B. No. 107. Among other changes, the legislature added subsection (H), which states, "An order issued by the administrator pursuant to this section is appealable under section 4123.511 of the Revised Code but is not appealable to court under section 4123.512 of the Revised Code." This provision clearly precludes direct appeal as an available remedy to an employer under this section. We need not address the issue of the statute's retroactive application because of our holding in the case *sub judice;* nevertheless, we find this language helpful in our analysis.

"A 'claim' in a workers' compensation case is the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease. A decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's 'claim.' The only action by the commission that is appealable under R.C. 4123.51[2] is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." *Felty*, 65 Ohio St.3d at 239, 602 N.E.2d at 1145.

The appellant is not a claimant in this case. *Afrates* and its progeny do not deprive employers of their right to appeal from appropriate ICO orders. By the plain words of the statute, employers and claimants are free to appeal commission decisions "other than a decision as to the extent of disability." R.C. 4123.512(A). That the Supreme Court has limited appealable decisions to those which dispose of a claimant's participation in the insurance fund does not exclude either employers or claimants from direct appeal of proper orders. Moreover, "[b]ecause the workers' compensation system was designed to give employees an exclusive statutory remedy for work-related injuries, 'a litigant has no inherent right of appeal in this area.' " *Felty*, 65 Ohio St.3d at 237, 602 N.E.2d at 1144, quoting *Cadle v. Gen. Motors Corp.* (1976), 45 Ohio St.2d 28, 33, 74 O.O.2d 50, 52, 340 N.E.2d 403, 406, overruled on other grounds by *Fisher v. Mayfield* (1987), 30 Ohio St.3d 8, 30 OBR 16, 505 N.E.2d 975. Those rights of appeal enjoyed by litigants are conferred by statute and, limited though they may be, are in keeping with the purpose underlying the system.

While not specifically stated in its brief, Concord apparently maintains that, upon "careful reading," the *Afrates* dicta would support an exception to the limitation on appeals for disputes between the employer and the commission. To the contrary, the cited language supports the board's stance. The court's comment came during its examination of the former procedural statute, R.C. 4123.519. The court noted that:

"The purpose of R.C. 4123.519 is clear. The statute provides, in six separate places, that the issue presented by an R.C. 4123.519 appeal is the claimant's right to participate or continue to participate in the fund. For instance, the statute provides that it is the claimant who is required to file a petition ' * * * showing a cause of action to participate or to continue to participate in the fund. * * *' There may be times when a dispute does not involve a claimant but, rather, the dispute lies between an employer and the commission. Such a situation may arise in a handicap reimbursement case * * *. It would make little sense for the claimant, who is not a party to the action and who may be receiving benefits, to file a petition. Further, R.C. 4123.519 provides that the court, or the jury if demanded, ' * * * shall determine the right of the *claimant* to participate in the

'fund upon the evidence adduced at the hearing of such action.' (Emphasis added.) R.C. 4123.519 appeals are subject to *de novo* review. * * * The General Assembly could not possibly have intended that each and every decision of the commission be the subject of a *de novo* review. Requiring a *de novo* factual review of *all* decisions would only prolong a determination as to whether the claimant is entitled to participate or continue to participate in the fund." (Emphasis *sic.* and footnotes omitted.) *Afrates, supra,* 63 Ohio St.3d at 26, 584 N.E.2d at 1178–1179.

The court's discussion of handicap reimbursement points out that an ICO reimbursement decision could not be appealed because a claimant would not file a petition as required by the statute; the comments are not offered to create an exception to limited appeals. Furthermore, *de novo* review of a such an order would frustrate the purpose of the statute and the compensation system.

■ This is not to say that an employer barred from appeal is without remedy. "Litigants may seek judicial review of commission rulings in three ways: by direct appeal to the courts of common pleas under R.C. 4123.51[2], by filing a mandamus petition in this court or in the Franklin County Court of Appeals, or by an action for declaratory judgment pursuant to R.C. Chapter 2721." (Footnotes omitted.) *Felty, supra,* 65 Ohio St.3d at 237, 602 N.E.2d at 1144. The appropriate procedural avenue depends on the nature of the commission's decision. *Id.;* see *State ex rel. Evans, supra,* 64 Ohio St.3d at 238, 594 N.E.2d at 610. In *State ex rel. Riser Foods, Inc. v. Trimble* (1995), 72 Ohio St.3d 259, 648 N.E.2d 1362, and *State ex rel. First Natl. Supermarkets, Inc., supra,* employers sought writs of mandamus to challenge, at least *inter alia,* the denial of handicap reimbursement. Also instructive are *State ex rel. McGinnis v. Indus. Comm.* (1991), 58 Ohio St.3d 81, 568 N.E.2d 665, and *Miraglia v. B.F. Goodrich Co.* (1980), 61 Ohio St.2d 128, 15 O.O.3d 163, 399 N.E.2d 1234, where the court held that mandamus was the proper remedy by which employers could seek setoffs against disability benefits.

Having overruled the appellant's assignment of error, we affirm the judgment of the Montgomery County Court of Common Pleas.

*Judgment affirmed.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.