{¶ 12} I respectfully dissent. I do not consider an appellant's failure to comply with the requirements of Resolution 96-1-01 to be a refusal to submit to a medical examination with a "qualified medical specialist" pursuant to R.C. 4123.68(Y).
 {¶ 13} Ohio Workers' Compensation statutes are to be liberally construed in favor of a claimant. State ex rel. Riterv. Indus. Comm. (2001), 91 Ohio St.3d 89, 91. R.C. 4121.13
authorized the Industrial Commission to adopt rules pertaining to the exercise of the Commission's powers, as well as rules regarding its proceedings and the mode and manner of investigations and hearings. R.C. 4121.13(E). Such rules and regulations are valid and enforceable unless found to be unreasonable or in conflict with statutes concerning the same subject matter. Columbus S. Ohio Elec. Co. v. Indus. Comm.
(1992), 64 Ohio St.3d 119, 122, citing State ex rel. DeBoe v.Indus. Comm. (1954), 161 Ohio St. 67, paragraph one of the syllabus.
 {¶ 14} Resolution 96-1-01 is a rule adopted by the Industrial Commission that directs a claimant as to the actions he or she must take before the administrator of the Industrial Commission can refer the claim to a qualified medical specialist pursuant to R.C. 4123.68(Y). Therefore, a claimant must comply with the requirements of Resolution 96-1-01 before the mandates of R.C.4123.68(Y) come into play. In this case, appellant has still not fulfilled all of the requirements set forth in Resolution 96-1-01. Resolution 96-1-01 does not state the implications of a claimant's failure to submit the necessary evidence. However, until a claimant submits all the necessary evidence, the administrator cannot refer him or her to a qualified medical specialist per R.C. 4123.68(Y).
 {¶ 15} While R.C. 4123.68(Y) does state that a claimant forfeits his or her right to participate in the fund by a refusal to submit to an examination pursuant to notice from the administrator, the statute does not say that a claimant forfeits this right if he or she fails to submit the materials outlined in Resolution 96-1-01. The Industrial Commission cannot use the penalty provision of R.C. 4123.68(Y) to forfeit a claimant's right to participate for violation of a separate administrative procedure.
 {¶ 16} In the instant case, the Industrial Commission administrator has not yet referred appellant to a qualified medical specialist. While I acknowledge that such a referral has not occurred because of appellant's failure to submit all the requisite evidentiary materials under Resolution 96-1-01, this does not obviate the fact that appellant could not have possibly refused to submit to an examination until he has first been referred for such an examination.
 {¶ 17} Furthermore, I find it important to note that the Industrial Commission passed Resolution 03-1-02 in 2003, which substantively modified Resolution 96-1-01. Of particular significance is the language of Resolution 03-1-02 that provides that the evidentiary materials must be provided by the injured worker "prior to the adjudication of a contested claim filed for any asbestosrelated occupational disease[.]" (Emphasis added.) While the appellant in this case cannot avail himself of Resolution 03-1-02, the language of Resolution 03-1-02 nevertheless elucidates the fact that it could not have been intended that a claimant forfeits his or her right to participate in the workers' compensation fund by a mere noncompliance with the Industrial Commission's resolution.
 {¶ 18} Thus, construing R.C. 4123.68 liberally in favor of appellant, I would conclude that appellant could not have forfeited his claim until he refuses to submit to a medical examination pursuant to notice from the administrator of the Industrial Commission.