ALLEN, APPELLANT, *v.* GOODYEAR
AEROSPACE ET AL., APPELLEES.

(No. 11241—Decided February 8, 1984.)

*Mr. Steven E. Stocker,* for appellant.

*Ms. Deborah Sesek,* for appellee Goodyear Aerospace.

*Mr. Thomas A. Ciccolini,* for appellee Administrator, Bureau of Workers' Compensation.

QUILLIN, P.J. The within action involves an occupational disease claim for compensation and medical benefits under the workers' compensation law of Ohio. R.C. 4123.01 *et seq.* The claimant, Dorothy Allen, appeals from a summary judgment of the court of common pleas which upheld the decision of the Industrial Commission denying her claim for benefits. We reverse.

### Statement of Facts

Plaintiff-appellant, Dorothy Allen, left her employment with Goodyear Aerospace ("Goodyear") on January 13, 1978. Thereafter, on September 5, 1979, she filed an application with the Ohio Bureau of Workers' Compensation for benefits, alleging disability caused by a compensable occupational disease arising out of her employment with Goodyear.

Allen described her disability as "situational stress; labile hypertension; functional gastrointestinal distress." She attributes her condition to job stress caused by pressure from her supervisor.

On November 23, 1979, after a hearing, the Administrator of the Bureau of Workers' Compensation denied Allen's claim for benefits, finding that she did not contract any occupational disease in the course of her employment. The regional board of review affirmed the administrator's decision.

On June 18, 1980, the Industrial Commission refused to allow a further appeal. Allen thereafter filed a notice of appeal and complaint with the court of common pleas pursuant to R.C. 4123.519. Goodyear filed an answer raising the affirmative defenses of lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. Goodyear thereafter filed a motion for summary judgment on the grounds of lack of jurisdiction and failure to state a claim upon which relief could be granted.

The trial court overruled the jurisdictional objection on the basis of *Morgan* v. *Western Electric Co.* (1982), 69 Ohio St. 2d 278 [23 O.O.3d 271]. However, the trial court found that Goodyear was entitled to judgment as a matter of law and granted the motion for summary judgment. Allen appeals.

### Assignment of Error

"Where a Workers' Compensation claim for benefits is filed alleging an Occupational Disease arising in the course of claimant's employment and filed pursuant to Ohio Revised Code Section 4123.68 (BB), an issue of fact and law exists and it was an error for the Summit County Court of Common Pleas to grant Defendant's Motion for Summary Judgment."

Allen first argues that summary judgment is not proper in an appeal to a court of common pleas in a workers' compensation case. This argument has already been rejected by the Ohio Supreme Court in the

case of *Price* v. *Westinghouse Electric Corp.* (1982), 70 Ohio St. 2d 131 [24 O.O.3d 167], wherein the court held that the Civ. R. 56 procedure for summary judgment is applicable to proceedings brought under R.C. 4123.519.

Allen next argues that the court improperly granted Goodyear's motion for summary judgment. For the reasons set forth below, we sustain the assignment of error and reverse the summary judgment granted by the trial court.

Although Goodyear's motion requested a summary judgment, the motion was based upon Goodyear's defense, raised in the answer, that Allen's complaint failed to state a claim upon which relief could be granted. No factual issues were raised. Goodyear sought judgment as a matter of law, and the trial court granted judgment as a matter of law.

Allen's complaint states that she suffers from disabilities caused by job stress, and that these disabilities are compensable as a non-scheduled occupational disease under R.C. 4123.68(BB), which states that:

"All other occupational diseases: A disease peculiar to a particular industrial process, trade, or occupation and to which an employee is not ordinarily subjected or exposed outside of or away from his employment. * * *"

In order to be entitled to workers' compensation benefits for a non-scheduled occupational disease, a claimant must prove the following criteria:

"* * * (1) The disease is contracted in the course of employment; (2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and (3) the employment creates a risk of contracting the disease in a greater degree and in a different manner than in the public generally." *State, ex rel.*

*Ohio Bell Telephone Co.,* v. *Krise* (1975), 42 Ohio St. 2d 247 [71 O.O.2d 226].

In its motion for summary judgment, Goodyear argued that, as a matter of law, Allen's alleged disabilities are not compensable under Ohio workers' compensation laws. As presented to the court, Goodyear's motion raised the sole question of whether Allen could prove any set of facts which would meet the three criteria of *Krise, supra.* Goodyear submitted no affidavits or other evidentiary materials as permitted by Civ. R. 56(C). The court was presented with no facts other than those stated by the pleadings and Allen's original application for benefits. Nevertheless, the court ruled as a matter of law that disabilities caused by job stress can under no set of facts be compensable as a non-scheduled occupational disease pursuant to R.C. 4123.68(BB). We must conclude that the court erred in granting Goodyear's motion for summary judgment.

Goodyear places much emphasis on the fact that Allen's response to its motion failed to set forth specific facts by way of affidavit (or as otherwise set forth in Civ. R. 56) showing there to be genuine issues of fact. However, it is the burden of the movant to establish that there is no genuine issue of fact. This burden cannot be shifted to the opposing party merely by the filing of an unsupported motion.

Goodyear has failed to direct us to any case authority in support of its position that a disability caused solely by job stress is not compensable under any circumstances as an occupational disease. The case of *Szymanski* v. *Halle's* (1980), 63 Ohio St. 2d 195 [17 O.O.3d 120], relied upon by Goodyear, deals only with injuries under R.C. 4123.01(C). In the absence of authority precluding compensation under R.C. 4123.68(BB) for disabilities caused by job stress, it cannot be said that Allen has failed to state a compensable claim in her complaint. While we express no opinion on the likelihood that Allen can establish facts at

trial which will meet the *Krise criteria,* we cannot say as a matter of law that she can prove no set of facts which will entitle her to workers' compensation benefits.

Accordingly, we find that Goodyear was not entitled to judgment as a matter of law. The judgment is therefore reversed and the cause is remanded for further proceedings in accordance with law.

*Judgment reversed and cause remanded.*

BAIRD and GEORGE, JJ., concur.