METTES, APPELLANT, *v.* TRANSAMERICA INSURANCE CORP. ET AL., APPELLEES.

(No. 86AP-1136 — Decided May 5, 1987.)

*John R. Workman,* for appellant Kay Mettes.

*Fox & Grove, Kalvin M. Grove, Steven L. Gillman, Gaspare G. Ruggirello; Millisor & Nobil* and *Thomas D. Rooney,* for appellee Transamerica Ins. Corp.

*Anthony J. Celebrezze, Jr.,* attorney general, *Helen M. Ninos* and *Gerald H. Waterman,* for appellee Administrator, Bureau of Workers' Compensation.

BOWMAN, J.    On approximately August 29, 1985, appellant filed a claim for workers' compensation benefits alleging that she had developed a psychiatric injury secondary to the stressful conditions of her employment with appellee, Transamerica Insurance Corporation. Ap-

pellant also stated that she had no physical trauma.

Appellant's claim was considered at three administrative levels of the Industrial Commission which resulted in a disallowance of her claim. Appellant appealed the decision to the Franklin County Court of Common Pleas which sustained appellee's motion for a judgment on the pleadings. The basis for the decision was that the Ohio Workers' Compensation Act does not apply to psychiatric illnesses caused by job stress in the absence of contemporaneous physical injury. Appellant now brings this appeal and sets forth the following assignment of error:

"The Court of Common Pleas erred in dismissing the notice of appeal and complaint that plaintiff-appellant filed pursuant to Section 4123.519 of the Ohio Revised Code. Plaintiff-appellant's workers' compensation claim alleged the development of a psychiatric condition as the result of stressful conditions of employment. A claim for such a condition is compensable pursuant to the provisions of the Ohio Workers' Compensation Act."

Appellant contends that the recent Ohio Supreme Court decision of *Ryan* v. *Connor* (1986), 28 Ohio St. 3d 406, 28 OBR 462, 503 N.E. 2d 1379, permits her to recover workers' compensation for the psychiatric condition she developed as a result of the severe emotional stress she experienced because of the conditions of her employment. We disagree.

In *Ryan, supra,* the issue presented was whether physical injuries occasioned solely by emotional stress are compensable under the Workers' Compensation Act. The court held:

"A *physical* injury occasioned solely by mental or emotional stress, received in the course of, and arising out of, an injured employee's employment, is compensable under R.C. 4123.01(C). * * *" (Emphasis added.) *Id.* at syllabus.

Therefore, *Ryan, supra,* did not remove the need for there to be a physical injury in order to receive compensation under the Workers' Compensation Act.

Appellant acknowledges that her case deals with a psychological disability developing as the result of work stress in the absence of contemporaneous physical trauma. Since there was no physical injury involved, appellant's psychological disability is not compensable under the Workers' Compensation Act. See *Ryan, supra.*

For the foregoing reasons, appellant's assignment of error is not well-taken and is hereby overruled. The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

REILLY and GEORGE, JJ., concur.

GEORGE, J., of the Ninth Appellate District, sitting by assignment in the Tenth Appellate District.