WOLF, APPELLANT, *v.* NORTHMONT CITY SCHOOLS ET AL., APPELLEES.

(No. 10318 — Decided July 10, 1987.)

*Marylee Gill Sambol,* for appellant.
*Pickrel, Schaeffer & Ebeling* and *Robert G. Leland,* for appellee Northmont City Schools.
*Anthony J. Celebrezze, Jr.,* attorney general, and *G. Jack Davis, Jr.,* for appellee Industrial Commission of Ohio.

BROGAN, J. James E. Wolf appeals the trial court's order of January 8, 1987, sustaining appellee Northmont City Schools' motion for summary judgment and overruling appellant's motion for summary judgment. Appellant seeks participation in the Workers' Compensation Fund for psychological injuries received while working for his former employer, Northmont City Schools.

The claim for workers' compensation benefits stems from appellant's janitorial position at O.R. Eddington School, where he allegedly endured verbal and psychological harassment by the principal. The mistreatment climaxed on August 2, 1983, when the appellant returned home from work and punched his hands through doors during irrational, uncontrolled behavior. He was diagnosed later as having post-traumatic stress and dysthymia disorders. Apparently, the injuries to his hands were the only physical injuries suffered.

Appellant's claim for workers' compensation funds was first rejected by a hearing officer who found the injuries to his hands were suffered outside the course of his employment. Appeals to the regional board of review and the Industrial Commission were respectively rejected. On appeal to the court of common pleas, the appellant claimed his psychological injuries were compensable within the rule stated by *Ryan* v. *Connor* (1986), 28 Ohio St. 3d 406, 28 OBR 462, 503 N.E. 2d 1379. In reviewing the trial court's order for summary judgment for appellee, the issue presented is whether appellant has suffered a compensable injury within the meaning of Ohio's workers' compensation statutes.

* * *[1].

It must first be shown whether appellant's psychological injuries are compensable injuries under the workers' compensation statutes. In *Malone* v. *Indus. Comm.* (1942), 140 Ohio St. 292, 23 O.O. 496, 43 N.E. 2d 266, the Supreme Court of Ohio defined "injury" as any *physical* or traumatic injury, accidental in nature, which causes loss to the worker. See, also, 58 Ohio Jurisprudence 2d (1963) 170, Workmen's Compensation, Section 56. Later decisions defined compensable injuries as harm which is *physical,* traumatic, or accidental in character. *Hamilton* v. *Keller* (1967), 11 Ohio App. 2d 121, 40 O.O. 2d 289, 229 N.E. 2d 63. The only authorities cited by appellant for the proposition that *mental* injuries are compensable within Ohio's statutes are cases from other jurisdictions construing their own statutes, which authorities therefore offer little assistance.

We know of no reason to abandon our decision based on analogous facts in *Rinehart* v. *Mayfield* (Mar. 3, 1987), Montgomery App. No. CA 10088, unreported. In that case, the employee claimed a right to workers' compensation benefits for his alleged job-related mental disorder. This court agreed

---

[1] The text of the opinion as it appears herein was abridged by Judge Brogan.

with the lower court's dismissal of his claim, stating that the denial of benefits when a mental stimulus results in primarily nervous injuries "commands a substantial following," citing 1B Larson, The Law of Workmen's Compensation (1987), Section 42.23. The same reasoning applies in the case at hand.

Furthermore, the General Assembly made clear and specific efforts to differentiate physical injuries from those of the type suffered by appellant. R.C. 4123.01 states in part:

"(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. 'Injury' does not include:

"(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease[.] * * *"

As we similarly concluded in *Rinehart,* the appellant in the case at bar alleges a mental injury resulting from a mental stimulus, which is not compensable under R.C. 4123.01(C)(1).

Finally, appellant cites in support of his contentions case law inapplicable to the issue at hand. For example, *Ryan* v. *Connor, supra,* does not stand for the proposition that any injury caused by mental or emotional stress is compensable under R.C. 4123.01(C). *Ryan* states that only *physical* injuries caused by a mental stimulus are compensable, and did not confront issues involving *mental* injuries. For the same reasons as stated in *Rinehart,* the reliance on *Schultz* v. *Barberton Glass Co.* (1983), 4 Ohio St. 3d 131, 4 OBR 376, 447 N.E. 2d 109, a negligence case, is inappropriate. We further conclude that *Village* v. *General Motors Corp.* (1984), 15 Ohio St. 3d 129, 15 OBR 279, 472 N.E. 2d 1079, merely recognized that gradually developed injuries should receive the same compensation as sudden, accidental injuries. *Village* did not reach the distinction before us now, between physical and mental injuries as they relate to Ohio's workers' compensation statutes.

Taking all factors into consideration, we find that reasonable minds can come to only one conclusion that the appellees were entitled to summary judgment as a matter of law. We therefore find no error in the lower court's order granting summary judgment for appellees.

*Judgment affirmed.*

KERNS, P.J., and WOLFF, J., concur.