HAYES, Appellant,

v.

**CITY OF TOLEDO et al., Appellees.**

[Cite as *Hayes v. Toledo* (1989) 62 Ohio App.3d 651.]

Court of Appeals of Ohio,
Lucas County.

No. L–88–140.

Decided April 28, 1989.

*George Fell II*, for appellant.

*Robert Young*, for the city of Toledo.

*Anthony J. Celebrezze, Jr.*, Attorney General, and *Roger R. Weiher*, for James Mayfield, Admr., et al.

*Per Curiam.*

This matter is before the court on appeal from a judgment of the Lucas County Court of Common Pleas.

Plaintiff-appellant, Joyce Hayes, was employed as a police officer by defendant-appellee, the city of Toledo, on September 24, 1983. On that date, at roll call and during weapons' inspection, appellant's weapon accidentally discharged. The bullet struck appellant's commanding officer, Lieutenant Kevin Wendt.

Later that day, appellant experienced an adverse emotional reaction to the incident and sought treatment at Toledo's Mercy Hospital. In August 1986, appellant requested a medical leave of absence from the police department for "post traumatic stress disorder." Appellant filed a claim for Ohio workers' compensation which was administratively denied. This decision was appealed to the Lucas County Court of Common Pleas. In an opinion and judgment entry dated May 5, 1988, the trial court granted summary judgment in favor of the city of Toledo. A *nunc pro tunc* judgment entered November 8, 1988 reaffirmed the summary judgment and dismissed the city of Toledo and defendant-appellee James Mayfield, Administrator of the Bureau of Workers' Compensation.

Appellant filed a timely notice of appeal from the May 5, 1988 decision and has set forth the following two assignments of error:

"I. The court of common pleas erred when it decided that amended Section 4123.01(C)(1) of the Ohio Revised Code was controlling on this issue.

"II. The court of common pleas erred by granting summary judgment thereby concluding that psychiatric injuries incurred in the course of and arising out of employment are not compensable as a matter of law."

In order to facilitate a clearer understanding of this appeal, appellant's assignments of error will be discussed simultaneously.

At the time the incident occurred, September 1983, the statutory definition of a compensable "injury" was specified in R.C. 4123.01(C).

"(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C), effective January 1, 1979.

Effective August 22, 1986, the statute was amended to provide, in relevant part:

"(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. 'Injury' does not include:

"(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease;

"* * * *"

In its May 5, 1988 judgment entry, the trial court stated that R.C. 4123.-01(C)(1) was "controlling" and found that most psychiatric conditions were expressly excluded from the definition of a "compensable injury." Our analysis of existing case law on this subject indicates that the trial court relied upon an inappropriate version of the statute; however, we do not find the overall result reached by the court to be improper under the facts and circumstances of the case *sub judice.*

■ The Supreme Court of Ohio recently reaffirmed that a worker's substantive right to compensation is measured by the statute in force on the date of the injury. *State, ex rel. Kirk, v. Owens–Illinois, Inc.* (1986), 25 Ohio St.3d 360, 25 OBR 411, 496 N.E.2d 893. Appellant's psychiatric condition allegedly stems directly from an incident which occurred in 1983; accordingly, the former version of R.C. 4123.01(C), *i.e., minus* the express exclusion of psychiatric conditions, should have been utilized by the trial court. Despite this apparent misapplication of the statute, we find that the judgment was correct and, analyzing former R.C. 4123.01(C), affirm the grant of summary judgment by the trial court.

"By repeated decisions of this court it is the definitely established law of this state that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." *Agricultural Ins. Co. v. Constantine* (1944), 144 Ohio St. 275, 284, 29 O.O. 426, 430, 58 N.E.2d 658, 663. See, also, *Wampler v. Bolen* (1938), 28 Ohio Law Abs. 22, paragraph five of the

syllabus; *Newcomb v. Dredge* (1957), 105 Ohio App. 417, 6 O.O.2d 178, 152 N.E.2d 801, paragraph seven of the syllabus; and *Hallworth v. Republic Steel Corp.* (1950), 153 Ohio St. 349, 41 O.O. 341, 91 N.E.2d 690, paragraph three of the syllabus.

Initially, we note that on a motion for summary judgment, the moving party has the burden of showing that no genuine issue exists as to any material fact and that he is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. Appellees, in their motion for summary judgment, had the burden of establishing that appellant had not submitted, or could not submit, sufficient evidence to prevail at trial. At all times prior to the entry of summary judgment, the burden was on appellant to submit sufficient evidence to overcome the inference that her claim for workers' compensation should not be allowed.

In her second assignment of error, appellant argues that psychiatric conditions are included within the definition of "injury" set forth in R.C. 4123.01(C). Appellant asserts that there is no statutory distinction between physical and emotional injuries. Appellant also repeatedly reminds the court that Ohio's workers' compensation laws are to be liberally construed in favor of the employee. R.C. 4123.95.

Appellant's claim is based solely on a psychiatric disorder. She did not suffer a physical injury or an occupational disease prior to her psychological difficulties. Further, appellant has not claimed that a physical disability has occurred as a result of her psychological condition.

In *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 28 OBR 406, 503 N.E.2d 1379, the Supreme Court of Ohio held that a physical injury caused by mental or emotional stress, arising out of employment, was compensable under R.C. 4123.01(C). As a matter of clarification, the *Ryan* court was compensating a *physical* injury, not authorizing claims based solely on mental disorders. Accordingly, " * * * *Ryan, supra,* did not remove the need for there to be a physical injury in order to receive compensation under the Workers' Compensation Act." *Mettes v. Transamerica Ins. Corp.* (1987), 36 Ohio App.3d 180, 181, 521 N.E.2d 1138, 1139. Our analysis of existing case law indicates that a mental condition caused solely by mental or emotional stress has never been a compensable injury under R.C. 4123.01(C). We also note, however, that the Supreme Court of Ohio has yet to hold that " * * * emotional stress, mental strain, or psychiatric condition, standing alone, is *not* an injury within the meaning of the Workers' Compensation Act." (Emphasis added.) *Currier v. Roadway Express, Inc.* (June 24, 1987), Ashland App. No. CA–879, unreported, 1987 WL 14055.

Accordingly, we find that it was correct to grant summary judgment in favor of appellees. The alleged disability is a mental condition or disorder caused exclusively by emotional and/or mental stress and is, therefore, not compensable.

■ In the final portion of her second assignment of error, appellant asserts that the exclusion of psychiatric conditions from R.C. 4123.01(C) is a denial of equal protection. Appellant asserts that there is no rational basis upon which to distinguish classes of employees whose injuries are psychiatric or physical when those injuries are all received during the course of employment. Appellant argues that the Ohio Legislature did not limit the classes of employees who could be compensated and states that any judicially imposed limits are arbitrary and without a rational basis.

Appellees have not addressed the merits of appellant's constitutional argument. Asserting that appellant is automatically precluded from raising this issue for the first time on appeal, appellees emphasize that the equal protection claim was not evaluated by the court below.

In general, we agree with appellees' assertion that an issue raised for the first time on appeal is not properly before the reviewing court. See, *e.g.,* *Blausey v. Stein* (1980), 61 Ohio St.2d 264, 266, 15 O.O.3d 268, 269, 400 N.E.2d 408, 410. The case *sub judice* is slightly different, however, in that appellant is now challenging the *constitutionality* of a statute. In evaluating a case wherein the appellate court *sua sponte* raised a constitutional question, the Supreme Court of Ohio stated:

" * * * the question of the constitutionality of a statute must *generally* be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." (Citation omitted and emphasis added.) *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524, 526.

Construing the court's use of "generally" in the section quoted above, we look to *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, and Justice Douglas' concurring opinion in *1981 Dodge Ram Van, supra.* In *Awan,* the court held:

"Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *Awan, supra,* syllabus.

Broadly construing *Awan,* Justice Douglas stated:

"A statute which is, in any respect, unconstitutional cannot be effective to accomplish its purpose no matter when the constitutional infirmity is raised or determined.   * * *

" * * * The syllabus in *Awan* says that constitutional issues not raised at the trial court level ' * * * *need not* be heard for the first time on appeal.' (Emphasis added.)   The case does not and should not be read to say that a court sitting in an appellate capacity *may not* hear a constitutional issue raised for the first time on appeal." (Emphasis added.)   *1981 Dodge Ram Van, supra,* 36 Ohio St.3d at 171–172, 522 N.E.2d at 527–528 (Douglas, J. concurring).

Under the facts presented, we hold that appellant did not *automatically* waive her equal protection claim by failing to raise it in the court below. However, we find that any constitutionally based challenge was "apparent at the time of trial" and, therefore, a failure to raise the issue below precludes this court from evaluating it for the first time.   It is obvious from the facts presented that appellant's psychologically based claim for compensation would be allowed or rejected based upon a finding of similarities or differences between it and a physical injury.   Appellant was always aware of the foundation for her compensation claim.   Accordingly, we find that any equal protection issue was apparent at the time of trial and should have been raised at that time.

For the aforestated reasons, we find appellant's second assignment of error not well taken.   Due to the disposition of the second assignment of error, we find that appellant's first assignment of error is moot and, therefore, not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and judgment of the Lucas County Court of Common Pleas is affirmed.   It is ordered that appellant pay court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.