RAMBALDO, APPELLEE, *v.* ACCURATE DIE CASTING;
MAYFIELD ET AL., APPELLANTS.

RINI, APPELLEE, *v.* CITY OF EAST CLEVELAND; MAYFIELD ET AL., APPELLANTS.

[Cite as *Rambaldo v. Accurate Die Casting*
(1992), 65 Ohio St.3d 281.]

(Nos. 91–1639 and 91–1640—Submitted October
13, 1992—Decided December 11, 1992.)

*Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy; Shapiro, Kendis & Assoc.* and *Eric P. Allen,* for appellees Ronald Rini and Frank Rambaldo.

*Lee Fisher,* Attorney General, *Cordelia A. Glenn* and *Fred J. Pompeani,* Assistant Attorneys General, for appellants Administrator and Industrial Commission of Ohio.

*Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* urging affirmance for *amici curiae,* Ohio AFL–CIO and Ohio Academy of Trial Lawyers.

*Vorys, Sater, Seymour & Pease, Russell P. Herrold, Jr., Robin R. Obetz* and *Robert A. Minor,* urging reversal for *amici curiae,* Ohio Self–Insurers' Association and Ohio Manufacturers' Association.

WRIGHT, J. The sole issue presented by these cases is whether a mental disorder occasioned solely by job-related stress is compensable as an occupational disease under R.C. 4123.68 of the Workers' Compensation Act. No Ohio appellate court has ever recognized a workers' compensation claim for mental injury or mental disease caused solely by job-related stress which is unaccompanied by physical injury or occupational disease. In the absence of a clear mandate from the General Assembly that these claims are now recognized in Ohio, we decline to expand coverage of the Workers' Compensation Act to them.[1]

Other state supreme courts faced with the question whether mental conditions caused solely by work-related stress are compensable under workers' compensation statutes have reached the same conclusion we do today.[2] Notably, the Minnesota Supreme Court held:

---

1. This conclusion is reached both as to Rambaldo's claim under former R.C. 4123.68(BB), the statute in effect at the time of the diagnosis of, and disability due to, his mental disease, and Rini's claim under current R.C. 4123.68, in effect at the time of his diagnosis and disability.

2. *Lather v. Huron College* (S.D.1987), 413 N.W.2d 369; *Fenwick v. Oklahoma State Penitentiary* (Okla.1990), 792 P.2d 60; *Lockwood v. Independent School Dist. No. 877* (Minn.1981), 312 N.W.2d 924.

"In the absence of proof that the legislature considered the far-reaching ramifications of extending workers' compensation coverage to employees who are mentally disabled by employment-related stress, we decline to construe the Workers' Compensation Act in a manner probably not intended by that body. * * * [T]he issue raised in this case involves a policy determination which we believe should be presented to the legislature as the appropriate policy-making body. If it wishes to extend workers' compensation coverage to mental disability caused by work-related mental stress without physical trauma, it is free to articulate that intent clearly. In the absence of a clearly expressed legislative intent on the issue, however, we will not hold such disability to be compensable." *Lockwood v. Independent School Dist. No. 877* (Minn.1981), 312 N.W.2d 924, 927.

## I

### Rambaldo's Claim Under Former R.C. 4123.68(BB)

A workers' compensation claimant's entitlement to benefits is determined by the statutes in effect at the time of the injury. *State ex rel. Kirk v. Owens–Illinois, Inc.* (1986), 25 Ohio St.3d 360, 361, 25 OBR 411, 411–412, 496 N.E.2d 893, 895. At the time Rambaldo's disease was diagnosed and his disability began in September 1985, "occupational disease" was defined in R.C. 4123.68 as follows:

"Every employee who is disabled because of the contraction of an occupational disease as defined in this section * * * is entitled to * * * compensation * * *.

" * * * *

"(BB) All other occupational diseases: A disease peculiar to a particular industrial process, trade, or occupation and to which an employee is not ordinarily subjected or exposed outside of or away from his employment." Am.H.B. No. 1282, 137 Ohio Laws, Part II, 3934, 3954, 3960, eff. January 1, 1979.

No workers' compensation claim for a psychological condition, whether the condition was denominated as a disease or an injury, has been recognized by this court when the mental disease or injury was based solely on job-related stress. Compensation has been allowed for a worker who is disabled by a mental condition which was the result of a compensable work-related *physical* injury. *State ex rel. Anderson v. Indus. Comm.* (1980), 62 Ohio St.2d 166, 16 O.O.3d 199, 404 N.E.2d 153. Coverage has also been extended to a worker who suffers a *physical* injury which was the consequence of work-related

mental stress. *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379.

Although we have never previously addressed the question of whether a mental condition caused solely by job-related stress is compensable, as either an injury or an occupational disease, a number of courts of appeals have addressed the question of whether such a condition is compensable as an injury. Prior to 1986, "injury" was defined in R.C. 4123.01(C) as follows:

" 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." Am.Sub.H.B. No. 340, 140 Ohio Laws, Part II, 3481, 3485, eff. October 13, 1983.

Despite this broad definition of "injury," the courts of appeals unanimously concluded that such a claim was not covered by the Workers' Compensation Act.[3] The reasoning of the case authority denying coverage of mental conditions as injuries under the broad language of R.C. 4123.01(C) prior to 1986 leads to the conclusion that mental conditions also were not covered as occupational diseases. Absent clear legislative intent, there is no logical reason to include as occupational diseases mental conditions caused solely by job-related stress when such conditions are excluded from coverage as injuries. Our holding in *Ryan, supra,* did not remove the requirement that there be a physical injury in order to receive compensation under the Workers' Compensation Act. Therefore, Rambaldo's mental condition caused solely by job-related stress is not compensable as an occupational disease under former R.C. 4123.68(BB).

## II

### Rini's Claim Under Current R.C. 4123.68

Rini's disease was diagnosed in October 1986 and he stopped work as a fire fighter in September 1987. The General Assembly last amended the definition

---

3. *Hayes v. Toledo* (1989), 62 Ohio App.3d 651, 577 N.E.2d 379, motion to certify overruled in (1989), 44 Ohio St.3d 711, 542 N.E.2d 351; *Harover v. Norwood* (1988), 48 Ohio App.3d 312, 549 N.E.2d 1194, appeal dismissed as improvidently allowed in (1989), 47 Ohio St.3d 607, 546 N.E.2d 931; *Wolf v. Northmont City Schools* (1987), 38 Ohio App.3d 118, 528 N.E.2d 589, motion to certify overruled in (1987), case No. 87–1470; *Mettes v. Transamerica Ins. Corp.* (1987), 36 Ohio App.3d 180, 521 N.E.2d 1138, motion to certify overruled in (1987), case No. 87–1083; *Lengel v. Griswold, Inc.* (Nov. 25, 1987), Cuyahoga App. No. 53054, unreported, motion to certify overruled in (1988), case No. 88–189; *Fields v. Youngstown* (May 30, 1989), Mahoning App. No. 88 C.A. 89, unreported, motion to certify overruled in (1989), 45 Ohio St.3d 716, 545 N.E.2d 901; *Rinehart v. Mayfield* (Mar. 3, 1987), Montgomery App. No. CA 10088, unreported, motion to certify overruled in (1987), case No. 87–777; *Currier v. Roadway Express, Inc.* (June 24, 1987), Ashland App. No. CA–879, unreported.

of "occupational disease" effective August 22, 1986. R.C. 4123.68 states in pertinent part:

"As used in this section and Chapter 4123. of the Revised Code, 'occupational disease' means a disease contracted in the course of employment, which by its causes and the characteristics of its manifestation or the condition of the employment results in a hazard which distinguishes the employment in character from employment generally, and the employment creates a risk of contracting the disease in greater degree and in a different manner than the public in general." Am.Sub.S.B. No. 307, 141 Ohio Laws, Part I, 718, 777.

At the same time, the General Assembly changed the definition of "injury" in R.C. 4123.01(C) to its current version:

"(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. 'Injury' does not include:

"(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease[.]" *Id.* at 739.

Rini argues that because the definition of "occupational disease" in R.C. 4123.68 does not expressly limit psychiatric conditions as does the definition of "injury" in R.C. 4123.01(C)(1), psychiatric conditions are compensable as occupational diseases under R.C. 4123.68. We are not persuaded that this was the intention of the General Assembly when the 1986 amendments are considered in the context of the administrative and judicial decisions at that time. The court must consider the context of the 1986 amendments because "a legislative body in enacting amendments is presumed to have in mind prior judicial constructions of the section." *State ex rel. Huron Cty. Bd. of Edn. v. Howard* (1957), 167 Ohio St. 93, 96, 4 O.O.2d 83, 84, 146 N.E.2d 604, 607. We also presume that the General Assembly had in mind prior administrative constructions of the statutory sections.

By the time of the 1986 amendments there had been two developments which involved constructions of R.C. 4123.68(BB) and R.C. 4123.01(C). First, this court had defined the criteria necessary to show whether a claimant had contracted a nonscheduled occupational disease under R.C. 4123.68(BB). *State ex rel. Ohio Bell Tel. Co. v. Krise* (1975), 42 Ohio St.2d 247, 71 O.O.2d 226, 327 N.E.2d 756. Second, the commission had denied claims which raised the issue of whether claimants' psychological conditions caused by job-related emotional stress were compensable as injuries under R.C. 4123.01(C).[4] There-

---

4. Prior to the 1986 amendments, the commission had denied these claims in *Mettes v. Transamerica Ins. Corp.* (1987), 36 Ohio App.3d 180, 521 N.E.2d 1138, motion to certify overruled in (1987), case No. 87–1083; *Rinehart v. Mayfield* (Mar. 3, 1987), Montgomery App. No. CA 10088,

fore, the General Assembly knew that the issue of whether this type of claim was compensable was being raised in the context of injury claims under R.C. 4123.01(C).[5]

In light of the larger context within which the General Assembly made the 1986 amendments to the definitions of "injury" and "occupational disease," it is clear that the General Assembly was codifying the developed administrative and judicial decisions. In the amendment to the definition of "injury," the General Assembly confirmed the commission's decisions disallowing mental injury claims based solely on mental job-related stress. In the amendment to the definition of "occupational disease," the General Assembly incorporated this court's criteria for determining nonscheduled occupational diseases.[6]

We conclude that by specifically excluding claims for mental conditions based solely on job-related stress from the definition of "injury," the General Assembly intended that this type of claim not be compensable under the Workers' Compensation Act, whether it is denominated as an injury claim or an occupational disease claim. We agree with Judge Krupansky's dissenting opinion below that denominating a claim as an injury or as an occupational disease is a distinction without a difference for the purpose of discerning the General Assembly's intentions. In the absence of a clearly expressed legislative intent to recognize mental conditions caused by job-related stress as occupational diseases, we hold that such conditions are not compensable as occupational diseases under the Workers' Compensation Act. Therefore

---

unreported, motion to certify overruled in (1987), case No. 87–777; and *Currier v. Roadway Express, Inc.* (June 24, 1987), Ashland App. No. CA–879, unreported; *Lengel v. Griswold, Inc.* (Nov. 25, 1987), Cuyahoga App. No. 53054, unreported, motion to certify overruled in (1988), case No. 88–189. These denials were on appeal to the courts of common pleas at the time of the amendments. As previously noted in fn. 3 the common pleas courts and courts of appeals unanimously denied these claimants' appeals.

5.  In the only appellate decision (prior to the present cases) involving an occupational disease claim based on job-related stress, the claimant alleged that physical injuries also resulted from the stress. *Allen v. Goodyear Aerospace* (1984), 13 Ohio App.3d 190, 13 OBR 237, 468 N.E.2d 779. The appellate court's decision that summary judgment was inappropriate was consistent with our subsequent holding in *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379.

6.  In the syllabus of *State ex rel. Ohio Bell Tel. Co. v. Krise* (1975), 42 Ohio St.2d 247, 71 O.O.2d 226, 327 N.E.2d 756, we stated:
    "An occupational disease is compensable under R.C. 4123.68(BB) where the following criteria exist: (1) The disease is contracted in the course of employment; (2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and (3) the employment creates a risk of contracting the disease in a greater degree and in a different manner than in the public generally."

Rini's mental condition caused solely by job-related stress is not compensable as an occupational disease under R.C. 4123.68, as amended.

## III

In reaching this conclusion we recognize that mental illness, like alcoholism, is a disease and we in no way diminish its seriousness. Nor do we imply that such diseases cannot be contracted from job-related stress. The problem is whether such mental diseases are to be compensated under the Workers' Compensation Act and, if so, discerning which occupations cause stress-related mental problems. This is a public-policy issue which should be addressed by the General Assembly, perhaps by granting rule-making authority to the Industrial Commission. It is not a problem which should be addressed by this court in a sweeping public-policy statement. It may well be that certain occupations pose particular mental health problems for workers; air traffic controllers and police undercover officers immediately come to mind.

However, it is the General Assembly which must address this problem and we encourage it to do so. It is the General Assembly which is charged with sole authority to determine workers' compensation coverage under Section 35, Article II, Ohio Constitution. It is the General Assembly which has the ability to conduct hearings, elicit expert opinions and consider the effects of extending such coverage on the resources available to compensate all injured workers.

For the foregoing reasons we reverse the judgments of the court of appeals and reinstate the judgments of the court of common pleas.

*Judgments reversed.*

MOYER, C.J., and H. BROWN, J., concur.

HOLMES, J., concurs in the syllabus and judgment.

SWEENEY, J., concurs in judgment only.

DOUGLAS and RESNICK, JJ., dissent.

HERBERT R. BROWN, J., concurring. While I agree with the majority's decision, I want, especially, to highlight the history behind the 1986 amendments to R.C. Chapter 4123. This background establishes that the legislature did not intend to include purely psychiatric conditions in the definition of "occupational disease."

The Workers' Compensation Act is a legislative grant. The court cannot replace the legislature's views with its own.

As the majority points out, the first efforts to make a purely psychiatric claim compensable were through former R.C. 4123.01(C). In response, the legislature amended the definition of "injury" to specifically exclude purely psychiatric claims. Although the definition of "occupational disease" was amended at the same time, there was no reason to include a specific exemption for purely psychiatric claims because, administratively and judicially, they were not being classed as occupational diseases. Given this legislative history (which is unique to Ohio), I am not much persuaded by a head count of our sister states, dividing them into those who do and those who do not compensate job-caused mental disability.

As the majority states, prior to the 1986 amendments psychiatric claims were not filed as occupational diseases. Presumably the legislature knew this. We are not free, by a stroke of the judicial pen, to compensate that which the legislature has specifically excluded from compensation.

I wish the legislative history and the statutes before us did not so clearly preclude compensation for mental disability where there is no physical disability. Mental disability is real. It can be more disabling than many physical injuries and occupational diseases which are now compensated. Who, for example, believes that a carry-out clerk who suffers mental disability from being threatened, perhaps shot at and missed by a robber, should not be compensated?

The range of mental disability is vast. That range could include the worker who suffers headaches (or stress) as a consequence of having to perform work against a deadline. Such claims, many would argue, should not be compensated. If the full range of work-related stress is to be compensated, a staggering burden could be imposed upon the State Insurance Fund and the rates which would be assessed against employers. The criteria for compensating work-related psychiatric disabilities should be established by the General Assembly. In that body, the public policy considerations which underlie this complex subject can be addressed.

I am uncomfortable with today's decision, though I believe it the one we must make, given the statutes and the legislative history. I am uncomfortable because our decision may result in denying compensation to those who should (as a matter of public policy) be compensated. Nearly everyone, I believe, would agree that some work-related mental disabilities should be compensated, even if there is no physical injury. Though it is for the legislature to establish the criteria, my hope is that this important issue can be addressed promptly and thoughtfully.