[Cite as *State v. Fuller*, 2010-Ohio-5265.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,               :      Case No.   10CA8

    vs.                               :

HAROLD L. FULLER, JR.                   :      DECISION AND JUDGMENT ENTRY


    Defendant-Appellant.              :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Harold L. Fuller, Jr., A577-727, Chillicothe
                           Correctional Institution, P.O. Box 5500, Chillicothe,
                           Ohio 45601

COUNSEL FOR APPELLEE:      J.B. Collier, Jr., Lawrence County Prosecuting
                           Attorney, and Jeffery M. Smith, Lawrence County
                           Assistant Prosecuting Attorney, Lawrence County
                           Courthouse, One Veteran's Square, Ironton, Ohio
                           45638
_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 10-21-10

ABELE, J.

{¶ 1}   This is an appeal from a Lawrence County Common Pleas Court

judgment that denied a motion by Harold L. Fuller, Jr., defendant below and appellant

herein, to "vacate a void plea and sentence."   Appellant assigns the following errors for

review:

        FIRST ASSIGNMENT OF ERROR:

        "THE TRIAL COURT ABUSED ITS DISCRETION[.]"

SECOND ASSIGNMENT OF ERROR:

"COUNSELED PLEA AGREEMENT BROKEN[.]"
THIRD ASSIGNMENT OF ERROR:

"VOID OR VOIDABLE SENTENCE[.]"

{¶ 2} On January 19, 2008, appellant robbed a Speedway station in South Point. He returned to the same establishment four days later and robbed it again. This time, he was quickly apprehended. Appellant later gave a statement to law enforcement and admitted to the crimes (but denied that he had a gun) and explained that he needed the money "to get some cocaine." Appellant claimed that his associate, John Carter, (a.k.a. Sheep Dog) had gotten him addicted.

{¶ 3} On March 11, 2008, the Lawrence County Grand Jury returned an indictment charging appellant with two counts of robbery in violation of R.C. 2911.02(A)(2). He eventually pled guilty to both charges and received an eight year sentence on each count with the sentences to be served concurrently. A timely appeal was not taken from that judgment, however.[1]

{¶ 4} On January 25, 2010, appellant filed a "motion to vacate a void plea and sentence" pursuant to Crim.R. 32.1. The gist of his motion is that he is subject to a term of post-release control for three years after his sentence, that such control was not part of the plea agreement and, consequently, the agreement has been breached and his sentences are therefore void. The trial court denied appellant's motion.

---

[1] Appellant filed a notice of appeal nearly ten months later. We dismissed the appeal because (1) it was filed out of rule, and (2) appellant had not shown good cause for filing a delayed appeal.

I

{¶ 5}   In his first assignment of error, appellant asserts that the trial court abused its discretion by overruling his motion because the provisions of Crim.R. 32.1 are, in fact, "constitutional."

{¶ 6}   Generally, restrictions in the United States Constitution apply to the government (state and/or federal), not to private individuals.   A polity, or its agents, may act "unconstitutionally," but private citizens cannot.   Thus, we agree with appellant to the extent that he argues that the court erred in finding his actions "unconstitutional." Nevertheless, we must affirm a correct judgment even if the judgment was arrived at for other reasons.   See, e.g., Hayes v. Toledo (1989), 62 Ohio App.3d 651, 653-654, 577 N.E.2d 379; State v. Bird, Washington App. No. 07CA32, 2008-Ohio-540, at ¶19.

{¶ 7}   The decision to grant or to deny a Crim.R. 32.1 motion is committed to a trial court's sound discretion and such decision will not be reversed absent an abuse of that discretion.   State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph two of the syllabus; State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus.   An abuse of discretion is more than either an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable.   State v. Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331, 335; State v. Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898.   In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court.   State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.   Moreover, to establish an abuse of discretion, the result

must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but perversity of will; not the exercise of judgment, but defiance of judgment; and not the exercise of reason, but, instead, passion or bias. Vaught v. Cleveland Clinic Found., 98 Ohio St.3d 485, 787 N.E.2d 631, 2003-Ohio-2181, ¶13; Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1.

{¶ 8}  After our review of the record, we find no abuse of discretion in the trial court's denial of appellant's motion.   First, appellant neither denies his guilt nor challenges his concurrent prison sentences.   A motion to withdraw guilty plea made after the imposition of sentence should only be permitted to correct a "manifest injustice." Crim.R. 32.1.   Here, the trial court apparently found nothing of that sort and we readily agree with that conclusion.

{¶ 9}  Second, an alleged erroneous imposition of post release control is an issue that could have been, but was not, raised on direct appeal.   Thus, the doctrine of res judicata bars the issue.[2]   Although the April 22, 2008 judgment entry is vaguely worded, the imposition of post release control may be culled from its language.   We further note that in the April 10, 2008 "Proceeding on Plea of Guilty," appellant acknowledged in a response to question number twenty-five that he "[would] be subject to a period of post release control for up to (3-5) years."

{¶ 10} Appellant was obviously aware that he would be subject to post release

---

[2] The doctrine of res judicata bars issues from being raised in a motion to withdraw guilty plea if they could have been, but were not, raised on direct appeal. See Jackson v. Friley, Jackson App. No. 07CA1, 2007-Ohio-6755, at ¶17; State v. Zinn, Jackson App. No. 04CA1, 2005-Ohio-525, at ¶17; State v. Vincent, Ross App. No. 03CA2713, 2003-Ohio3998, at ¶11.

control in 2008.   If he believed that penalty was improper, he should have challenged

at that time.   Appellant cannot use a Crim.R. 32.1 post-sentence motion to withdraw

guilty plea as a substitute for an appeal.   See State v. Fletcher, Licking App. No.

2009-CA-55, 2009-Ohio-5650, at ¶13; State v. Dawson, Cuyahoga App. No. 87102,

2006-Ohio-3503, at ¶2.

{¶ 11} Finally, appellant asserts that the trial court must have abused its

discretion because it overruled his motion in less than twenty-fours.   Appellant cites no

authority for the proposition that speedy court decisions are, ipso facto, erroneous.

Moreover, in light of those reasons discussed supra, appellant's motion was meritless

and the court could have disposed of it summarily.

{¶ 12} Therefore, we find no merit in appellant's first assignment of error and it is

hereby overruled.

II

{¶ 13} In his second assignment of error, appellant asserts that the "counseled

plea agreement [was] broken," presumably by the imposition of post release control.

We disagree with appellant.

{¶ 14} First, as we mentioned above, issues concerning the plea agreement

should have been raised on direct appeal.   Thus, the doctrine of res judicata bars the

issue from consideration at this point.   Second, the only reference to post release

control we find in the record during the plea negotiation proceedings is the April 10,

2008 "Proceeding on Plea Agreement" in which, as previously mentioned, appellant

acknowledged in his answer to question number twenty-five that he "will be subjected to

a period of post release control for up to (3-5) years."   In short, post release control does appear to have been a part of the plea bargaining process.

{¶ 15} Appellant cites the April 9, 2008 plea hearing transcript wherein the court was asked "to impose a period of incarceration of eight (8) years flat on each count, concurrent, no paper after release, no early release, just eight (8) years and be done." (Emphasis added.)   We see no support for appellant's claim in this quote except, perhaps, for the "no paper" after release comment. We will not construe this abstract phrase to negate the mandatory post release control that R.C. 2967.28 requires.   We further point out that the same hearing transcript he cites to support of his claim also shows that the trial court asked him if he understood that robbery, a second degree felony, carries a maximum penalty of up to eight years in prison and "Post Release control for up to three (3) years."   Appellant answered in the affirmative.   Thus, appellant's argument that such control was outside the scope of the plea agreement is untenable.

{¶ 16} For these reasons, the second assignment of error is without merit and is hereby overruled.

III

{¶ 17} In his third assignment of error, appellant asserts that his sentence is "void" because he was not properly informed of post release control.   See State v. Bezak, 114 Ohio St.3d 94, 868 N.E.2d 961, 2007-Ohio-3250, at ¶16. We disagree.[3]

---

[3] We parenthetically note that appellant did raise this issue in his motion, even though it was styled as a motion to withdraw guilty plea pursuant to Crim.R. 32.1.   Res judicata also does not apply on this particular issue because void sentences may be

As we noted supra, the trial court warned appellant that the offenses to which he pled guilty carried maximum sentences of eight years and "Post Release control for up to three (3) years." Thus, the court did inform appellant about post-release control and included the imposition of post-release control in the sentencing entry. Accordingly, appellant's third assignment of error is without merit and is hereby overruled.

{¶ 18} Having reviewed all errors assigned and argued by appellant in his brief, and having found merit in none of them, the trial court's judgment is hereby affirmed.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

challenged at any time. See State v. Bailey, Cuyahoga App. No. 93994, 2010-Ohio-1874, at ¶8; State v. Hairston, Franklin App. Nos. 07AP-160 & 07AP-161, 2007-Ohio-5928, at ¶38.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.