[Cite as *State ex rel. Giant Eagle, Inc. v. Ohio Indus. Comm.*, 2017-Ohio-7413.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Giant Eagle, Inc., | : | |
| Relator, | : | |
| v. | : | No. 16AP-354 |
| Ohio Industrial Commission and | : | (REGULAR CALENDAR) |
| Henry Brown, | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on August 31, 2017

**On brief:** *Matty, Henrikson, & Greve, Kirk R. Henrikson, Jesse P. Kanner,* and *Samuel T. O'Leary,* for relator.

**On brief:** *Michael DeWine,* Attorney General, and *Natalie J. Tackett,* for respondent Industrial Commission of Ohio.

**On brief:** *Nicholas C. DeGennaro,* for respondent Henry Brown.

IN MANDAMUS

LUPER SCHUSTER, J.

{¶ 1}  Relator, Giant Eagle, Inc., filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("ICO"), to vacate its November 16, 2015 order granting respondent, Henry Brown, a lump sum advancement from his award of permanent total disability and to enter an order denying the lump sum advancement.

{¶ 2}  The court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals.  The magistrate issued the appended

decision, including findings of fact and conclusions of law, and recommended this court issue the requested writ of mandamus ordering ICO to vacate the November 16, 2015 order and enter an order that determines whether "special circumstances" exist to support the application for a lump sum advancement under R.C. 4123.64 and Ohio Adm.Code 4123-3-37.  No objections to the magistrate's decision have been filed.

{¶ 3}   Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.   In accordance with the magistrate's recommendation, we grant the requested writ of mandamus and order the ICO to vacate the November 16, 2015 order and enter an order that determines whether "special circumstances" exist to support the application for a lump sum advancement under R.C. 4123.64 and Ohio Adm.Code 4123-3-37.

*Writ of mandamus granted.*

BROWN and BRUNNER, JJ., concur.

———————————

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Giant Eagle, Inc., | : | |
| Relator, | : | |
| v. | : | No. 16AP-354 |
| Ohio Industrial Commission and | : | (REGULAR CALENDAR) |
| Henry Brown, | : | |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 26, 2017

*Matty, Henrikson, & Greve, Kirk R. Henrikson, Jesse P. Kanner,* and *Samuel T. O'Leary,* for relator.

*Michael DeWine*, Attorney General, and *Natalie J. Tackett,* for respondent Industrial Commission of Ohio.

*Nicholas C. DeGennaro,* for respondent Henry Brown.

IN MANDAMUS

{¶ 4} In this original action, relator, Giant Eagle, Inc., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the November 16, 2015 order of its staff hearing officer ("SHO") granting to respondent, Henry Brown, a lump sum advancement from his award of permanent total disability ("PTD") compensation, and to enter an order denying the lump sum advancement pursuant to R.C. 4123.64 and Ohio Adm.Code 4123-3-37.

Findings of Fact:

{¶ 5}   1. On November 22, 2006, respondent, Henry Brown ("claimant") injured his cervical and lumbar areas while employed as a truck driver for relator, a self-insured employer under Ohio's workers' compensation laws.   On that date, claimant was involved in a motor vehicle accident.

{¶ 6}   2. The industrial claim (No. 06-886218) is allowed for:

> Cervical sprain/strain; lumbar strain/sprain; right sacroiliac strain; post-traumatic stress disorder; major depressive disorder; panic disorder.

{¶ 7}   3. On October 5, 2009, claimant filed an application for PTD compensation.

{¶ 8}   4. Following a December 22, 2010 hearing, an SHO issued an order awarding PTD compensation starting September 10, 2009.

{¶ 9}   5. On July 29, 2015, on a bureau form captioned "Application for Payment of Lump Sum Advancement" (form C-32), claimant moved for a lump sum advancement of $76,940 from his PTD award.  Claimant identified three loans that he would pay off: (1) opened September 17, 2013, a loan from US Bank with a current balance of $64,082.05 secured by a home mortgage, (2) opened August 22, 2014, an installment loan from US Bank with a current balance of $8,239.16, and (3) a loan from Wells Fargo to claimant's spouse in the amount of $4,639.70 secured by an automobile.

{¶ 10} 6. Relator, as a self-insured employer, denied claimant's July 29, 2015 application.

{¶ 11} 7. Following a September 15, 2015 hearing, a district hearing officer ("DHO") issued an order granting the application. The DHO's order explains:

> Mr. Brown's IC-32 [sic] Application, filed 07/29/2015, is granted.
>
> At the hearing, the parties stipulated to the fact that Mr. Brown is currently receiving $904.24 in bi-weekly Permanent Total Disability compensation benefits. Furthermore, the parties stipulated at the hearing that, based upon Mr. Brown's life expectancy of approximately 20 years, the bi-weekly decrease in benefits attributed to the proposed lump sum advancement would be $147.96. Thus,

the decrease in bi-weekly benefits would be well below the 1/3 maximum decrease mandated in Ohio Adm.Code 4123-3-37(C)(1). Finally, the parties stipulated at the hearing that there are no outstanding lump sum advancements under this claim.

Based upon the foregoing facts, the lump sum advancement request is granted in accordance with the provisions of Ohio Adm.Code 4123-3-37(A) to provide Mr. Brown "financial relief" by repaying his loans. While Counsel for the Self-insuring Employer voiced concerns from his client regarding the payment of such loans being contemplated under the statute and administrative code, no case law was presented which would restrict the interpretation of the applicable provisions of the administrative code cited above.

This decision is based upon a review of Mr. Brown's IC-32 [sic] Application and attachments, as well as, the stipulations made at the hearing by the parties, as set forth above. All evidence on file with regard to this matter was reviewed and considered.

The Self-Insuring Employer is hereby ordered to comply with the above findings.

{¶ 12} 8. Relator administratively appealed the DHO's order of September 15, 2015.

{¶ 13} 9. Following a November 16, 2015 hearing, an SHO issued an order that affirms the DHO's order of September 15, 2015. The SHO's order explains:

The order of the District Hearing Officer, issued 09/17/2015, is affirmed.

Therefore, the Injured Worker's C-32 Application for Payment of Lump Sum Advancement is granted to the extent of this order.

The lump sum advancement request is granted in accordance with Ohio Admin. Code 4123-3-37(A) to provide the Injured Worker the financial relief in repaying the loans listed on the application for a home mortgage, an installment loan, and a car.

This decision is based on a review of the C-32 application and loan information attached and the stipulations at

> hearing, which indicated that the lump sum advancement meets the criteria of Ohio Admin. Code 4123-3-37(A) and that the bi-weekly benefit decrease is within the mandates of Ohio Admin. Code 4123-3-37(C)(1).

{¶ 14} 10. On November 25, 2015, relator administratively appealed the November 16, 2015 order of the SHO.

{¶ 15} 11. On December 9, 2015, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of November 16, 2015.

{¶ 16} 12. On December 18, 2015, relator moved for reconsideration.

{¶ 17} 13. On January 27, 2016, the three-member commission mailed an order denying reconsideration.

{¶ 18} 14. On May 9, 2016, relator, Giant Eagle, Inc., filed this mandamus action.

Conclusions of Law:

{¶ 19} The issue is whether the failure of the SHO's order of November 16, 2015 to address "special circumstances" as that term is used in R.C. 4123.64 is an abuse of discretion requiring this court to issue a writ of mandamus.

{¶ 20} Finding that the failure of the SHO's order to address "special circumstances" is an abuse of discretion, it is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.

{¶ 21} Entitlement to workers' compensation payments is a substantive right measured by the statutes in force on the date of the injury. *State ex rel. Kirk v. Owens-Illinois, Inc.*, 25 Ohio St.3d 360-61 (1986); *Rambaldo v. Accurate Die Casting*, 65 Ohio St.3d 281, 284 (1992); *State ex rel. Jefferson Smurfit Corp. Reclamation v. Indus. Comm.*, 10th Dist. No. 09AP-851, 2010-Ohio-3521, ¶ 21.

{¶ 22} Effective October 20, 1993 and currently, R.C. 4123.64 provides:

> (A) The administrator of workers' compensation, under special circumstances, and when the same is deemed advisable for the purpose of rendering the injured or disabled employee financial relief or for the purpose of furthering his rehabilitation, may commute payments of compensation or benefits to one or more lump-sum payments.

(B) The administrator shall adopt rules which set forth the policy for awarding lump sum payments. The rules shall:

(1)  Enumerate the allowable purposes for payments and the conditions for making such awards;

(2) Enumerate the maximum reduction in compensation allowable;

(3) Enumerate the documentation necessary to award a lump-sum payment;

* * *

(5) Require a fully completed and current application including notary and seal; and

(6) Specify procedures to make a claimant aware of the reduction in amount of compensation which will occur.

(C) An order of the administrator issued under this section is appealable pursuant to section 4123.511 of the Revised Code but is not appealable to court under section 4123.512 of the Revised Code.

{¶ 23} Effective July 11, 2013 and on the date claimant filed his application for payment of lump sum advancement, Ohio Adm.Code 4123-3-37 provided:

(A) The administrator of the bureau of workers' compensation may commute an award of compensation to a lump sum payment when the administrator determines that the advancement is advisable for the purpose of providing the injured worker financial relief or for furthering the injured worker's rehabilitation.

(1) The administrator may only grant a lump sum payment to an injured worker from an award of compensation made pursuant to section 4123.58 of the Revised Code or from division (B) of section 4123.57 of the Revised Code.

* * *

(B) An injured worker shall file an application requesting a lump sum advancement with the bureau.

(1) The application shall be fully completed and notarized.

(2) The administrator shall review the application and utilize whatever methods the administrator determines to be appropriate, consistent with general insurance principles, to evaluate the claim for a lump sum payment.

(3) If the administrator determines that the lump sum application is advisable, the administrator shall determine the amount of the biweekly rate reduction and the terms of such reduction. The administrator shall fix a specific time for the reduction of the biweekly rate of compensation to repay the lump sum advancement. The administrator my include interest in the repayment schedule.

(4) The administrator shall issue an order approving or disapproving the application. If the application is approved, the order shall advise the injured worker of the amount of reduction of compensation and the terms of the lump sum advancement.

{¶ 24} Effective November 13, 2015 and after the date of filing the application, Ohio Adm.Code 4123-3-37 was amended as it currently provides. There is no indication in the current provision of Ohio Adm.Code 4123-3-37 that it is intended to be applied retroactively, nor do the parties to this action argue that the current version of Ohio Adm.Code 4123-3-37 is applicable to the application filed July 29, 2015. *See State ex rel. A.J. Rose Mfg. Co. v. Schwarz,* 10th Dist. No. 11AP-379, 2012-Ohio-4367.

{¶ 25} It can be observed that notwithstanding R.C. 4123.64(A) 's reference to "special circumstances," the version of Ohio Adm.Code 4123-3-37 effective July 11, 2013 fails to reiterate "special circumstances" as a factor to be addressed by the administrator in his determination of whether to grant a lump sum payment. Rather the version at issue states that the administrator "may commute an award of compensation to a lump sum payment when the administrator determines that the advancement is advisable for the purpose of providing the injured worker financial relief or for furthering the injured worker's rehabilitation."

{¶ 26} According to the commission and the claimant in this action, given the failure of Ohio Adm.Code 4123-3-37 to reiterate "special circumstances" as a factor to be addressed, the administrator is not required to address "special circumstances" in his order. The magistrate disagrees.

{¶ 27} To begin, it is clear that R.C. 4123.64 provides to the employer a substantive right that "special circumstances" must be considered in the determination of whether to grant the application. Thus, even though R.C. 4123.64 commands that the administrator "shall adopt rules," the administrator has no authority to eliminate "special circumstances" from the statute by promulgating a rule that fails to require "special circumstances."

{¶ 28} Clearly, R.C. 4123.64, effective October 20, 1993 and currently, provides substantive rights to the employer and the claimant that vested on the date of injury, i.e. November 22, 2006. Thus, the rule at issue here cannot be read in isolation from R.C. 4123.64, nor can the rule be read to eliminate "special circumstances" from the statute. In short, the administrator was required to address "special circumstances" under the statute. By the same token, both the DHO and SHO who heard the appeals were commanded by the statute to address "special circumstances." Neither the DHO nor the SHO addressed "special circumstances." Thus, the commission abused its discretion in failing to address "special circumstances."

{¶ 29} Accordingly, it is the magistrate's decision that this court issue a writ of mandamus ordering the commission to vacate the SHO's order of November 16, 2015, and, in a manner consistent with this magistrate's decision, enter an order that determines whether "special circumstances" exist to support the application for a lump sum advancement under R.C. 4123.64 and the version of Ohio Adm.Code 4123-3-37 effective July 11, 2013.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).