[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 259.]

THE STATE EX REL. RISER FOODS, INC., F.K.A. AMERICAN SEAWAY FOODS, INC., APPELLANT, *v*. TRIMBLE ET AL., APPELLEES.

[Cite as *State ex rel. Riser Foods, Inc. v. Trimble*, 1995-Ohio-101.]

*Workers' compensation—Denial of handicap reimbursement to self-insured employer by Industrial Commission not an abuse of discretion, when.*

(No. 93-2626—Submitted March 21, 1995—Decided May 24, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-827.

———————————

{¶ 1} Appellant Riser Foods, Inc. (f.k.a. American Seaway Foods, Inc.) is a self-insured employer. In 1983, a Riser worker, who was a handicapped employee within the meaning of R.C. 4123.343, sustained an industrial injury. Relator, in turn, filed for handicap reimbursement for the compensation and benefits paid as a result. A one-hundred-percent reimbursement was granted on August 18, 1986.

{¶ 2} On August 22, 1986, statutory amendments to R.C. 4123.343 significantly changed the handicap reimbursement system. Am. Sub. S.B. No. 307, 141 Ohio Laws, Part I, 718. One of these changes afforded, for the first time, an opportunity for self-insured employers to opt out of the handicap reimbursement program. R.C. 4123.343(G)(141 Ohio Laws, Part I, 745).

{¶ 3} The record contains what is apparently the last page of a letter. A portion of this page reads:

"I have certified that I am empowered to make this election on behalf of AMERICAN SEAWAY FOODS, INC. [Riser Foods], a self-insured employer (Risk No. 3279).

"I hereby elect to withdraw from the handicap reimbursement program effective January 1, 1988.

"Jerome Borstein

"Vice President

"[Signature of Jerome Borstein]

"*Vice President*

"Title

"[Handwritten date of 9-18-87]

"Date"

{¶ 4} Riser later sought reimbursement for further expenditures made on the aforementioned claimant's behalf. Appellee Industrial Commission of Ohio denied reimbursement, finding that because Riser had opted out of the handicap program, it was no longer eligible for reimbursement.

{¶ 5} Riser filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying reimbursement. The appellate court denied the writ.

{¶ 6} The cause is now before this court upon an appeal as of right.

_____

*Garson & Associates Co., L.P.A., Stuart I. Garson* and *Michael J. Skindell*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellees.

_____

***Per Curiam.***

{¶ 7} Riser claims that the appellate court erred in (1) admitting into evidence the Borstein letter, and (2) affirming the commission's reimbursement denial. Riser's arguments lack merit.

{¶ 8} Following the completion of briefing in this case, we decided *State ex rel. First Natl. Supermarkets, Inc. v. Indus. Comm.* (1994), 70 Ohio St.3d 582, 639 N.E.2d 1185, which resolved the very issue currently raised. *First Natl. Supermarkets* held that once a self-insured employer opted out of the handicap

reimbursement program, the self-insured was entitled to no further reimbursement, even in those claims in which the right to reimbursement accrued before the opt out. We reasoned:

"FNS's [First National Supermarkets'] position fails to recognize that it was FNS's own actions, not the amendment of the statute, that eliminated its right to reimbursement. Had FNS not voluntarily opted out of the program, its right to reimbursement would still exist.

"* * *

"To hold as FNS urges would allow it to receive handicap reimbursement without contributing to the Reimbursement Fund. This is unfair to those employers who may have elected to remain in the program and would continue to pay into it. When FNS chose no longer to contribute to the fund, it also chose not to receive money from it. Therefore, the commission did not abuse its discretion in denying reimbursement." *Id.* at 585-586, 639 N.E.2d at 1188-1189.

{¶ 9} *First Natl. Supermarkets* is directly on point and compels affirmance of the appellate court's holding.

{¶ 10} Turning to Riser's remaining assertion, the parties do not seriously disagree that one of the documents of record is the last page of a two-page letter which contains the above-quoted statement signed by Riser's then Vice-President Jerome Borstein, now deceased. The parties also agree that the letter's first page has disappeared. Riser asserts that because the letter is incomplete, Evid. R. 106 bars the letter's admission. This, too, fails.

{¶ 11} Evid. R. 106 states:

"When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which is otherwise admissible and which ought in fairness to be considered contemporaneously with it."

3

**{¶ 12}** Declaring the Borstein letter admissible, the appellate court reasoned: (1) Relevant evidence is generally admissible under Evid. R. 402; (2) Evid. R. 106 does not automatically render inadmissible the introduction of only a portion of a written statement; and Evid. R. 106 was instead "intended to spare the adverse party the necessity of waiting until a later point in the litigation to place the supplemental writing or recording into its proper perspective."

**{¶ 13}** Riser has not persuaded us that the stated intention to opt out of the program has somehow been misread because of the missing first page. We find, therefore, that the letter was properly admitted and is "some evidence" supporting the commission's decision.

**{¶ 14}** The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

Resnick, J., dissents.

———————————